0471

Mary Anne WEBBER, Appellant, v. MICHELIN TIRE CORPORATION and Hartford Accident & Indemnity Company, Respondents.

(330 S. E. (2d) 547)

Court of Appeals

*Patrick E. Knie* and *John B. White, Jr.*, both of *Knie, White & Anthony*, Spartanburg, *for appellant.*

*H. Spencer King*, of *King & Cothran*, Spartanburg, *for respondents.*

Heard March 19, 1985.

Decided May 16, 1985.

SHAW, Judge:

Appellant Mary Anne Webber filed this claim for compensation with the Industrial Commission under the Worker's Compensation Law, S. C. Code Ann. §§ 42-1-10 to 42-19-40 (1976 & Supp. 1984). A member of the Commission determined Mrs. Webber suffers a permanent disability of 45% loss of use of her back and awarded compensation for 135 weeks. Later the full Commission determined Mrs. Webber suffers a total permanent disability, and amended the award to provide compensation up to 500 weeks. Respondent Michelin Tire Corporation filed a petition for judicial review under the Administrative Procedures Act, §§ 1-23-310 to 1-23-400. The court reversed the Commission and reinstated the hearing commissioner's award. We reverse.

While the court cannot "substitute its judgment for that of the agency as to the weight of the evidence on a question of fact," it can reverse the agency's decision "if substantial rights of the appellant have been prejudiced because the administrative findings [are, among other things, clearly] erroneous in view of the reliable, probative

and substantial evidence on the whole record." Section 1-23-380(g)(5). Substantial evidence is "evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion ... the administrative agency reached." *Laws v. Richland County School District One,* 270 S. C. 492, 243 S. E. (2d) 192, 193 (1978). *See also Todd's Ice Cream v. South Carolina Employment Security Commission,* 281 S. C. 254, 315 S. E. (2d) 373, 375 (Ct. App. 1984). The Industrial Commission is an agency for purposes of the Administrative Procedures Act. *See Bilton v. Best Western Royal Motor Lodge,* 282 S. C. 634, 321 S. E. (2d) 63, 68 (Ct. App. 1984).

Mrs. Webber, 39, was injured in 1979 when, pulling large tires off a conveyor belt at a Michelin plant, she fell. Mrs. Webber had to undergo two lumbar laminectomies.

The record contains the following evidence which would alow reasonable minds to reach the Commission's conclusion Mrs. Webber is totally disabled. (1) Dr. James A. McCarthy, III, an orthopedic surgeon, reported Mrs. Webber's back is 60% impaired and her total person is 67% impaired. The worker's compensation statute provides "where there is fifty percent or more loss of use of the back ... the injured employee shall be deemed to have suffered total and permanent disability." Section 42-9-30(19). Dr. McCarthy's notes also state, "It is further my opinion this lady is not going to be able to be gainfully employed." (2) Dr. Darwin W. Keller, a neurosurgeon, testified Mrs. Webber is one hundred percent disabled. Dr. Keller also signed a report the "patient has reached maximum medical improvement and is still unable to return to work." (3) Benson Hecker, a vocational rehabilitation expert, reported. "Realistically, Mrs. Webber's chance of finding gainful employment is open competition with others is almost nonexistent."

The court violated the Administrative Procedures Act by substituting its judgment for the Commission's as to the weight of this evidence. The court stated, "[T]he expressed opinion of Dr. McCarthy simply lacks sufficient credence," and, "Dr. Hecker's conclusions ... are based solely upon the contentions of the Claimant which I do not find to be credible." The court relied on a six minute film taken by a detective agency of Mrs. Webber going to a sports

event. The film also showed her vacuuming her car. The order stated, "These movies ... in my judgment would have considerable impact upon the credibility of Claimant's testimony." However, the Supreme Court has emphasized, "[T]he substantial evidence test 'need not and must not be either judicial fact finding or a substitution of judicial judgment for agency judgment'; and a judgment upon which reasonable men might differ will not be set aside." *Lark v. BiLo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304, 307 (1981) (quoting *Dickinson-Tidewater, Inc. v. Supervisor of Assessments*, 273 Md. 245, 329 A. (2d) 18, 25 (1974) ). *See also Palmetto Alliance v. South Carolina Public Service Commission*, 282 S. C. 430, 319 S. E. (2d) 695, 696-697 (1984). While the film was damaging to Mrs. Webber's case, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency ruling from being supported by substantial evidence." *Ellis v. ,Spartan Mills*, 276 S. C. 216, 277 S. E. (2d) 590, 591 (1981).

Therefore, the judgment of the circuit court is

Reversed.

GARDNER and BELL, JJ., concur.