1207

Fannie R. McDOWELL, Appellant v. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent.

(370 S. E. (2d) 878)

Court of Appeals

*Harold F. Daniels, Piedmont Legal Services, Inc.*, Spartanburg, *for appellant.*

*General Counsel Bruce Holland* and *Asst. General Counsel Tana G. Vanderbilt, South Carolina Dept. of Social Services*, Columbia, *for respondent.*

Heard Nov. 18, 1987.

Decided Dec. 21, 1987.

*Per Curiam:*

This is an appeal from an order of the circuit court dismissing the appeal of appellant, Fannie R. McDowell, from a

decision by the Fair Hearing Committee of the South Carolina Department of Social Services (hereinafter DSS) upholding the denial of Ms. McDowell's application for food stamps. We reverse.

Under Sections 1-23-380(g)(4), (5) and 1-23-390 of the South Carolina Code of Laws, this court may reverse or modify the decision of an administrative agency when the substantial rights of the appellant have been prejudiced because the administrative conclusions are affected by error of law or are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.

The facts of this case are undisputed. Ms. McDowell applied for food stamps following loss of her employment. She listed two cars on her application, one driven by herself which fell within the agency defined maximum resource limit, and a 1984 Chrysler titled jointly in her name along with her son, Kim T. McDowell, which exceeded the maximum resource limit. The caseworker determined the Chrysler was an asset of Ms. McDowell's and denied the application.

Ms. McDowell appealed this denial to the Fair Hearing Committee. At the hearing Ms. McDowell and Kim testified the Chrysler actually belonged to Kim who made the down payment and paid all subsequent installments. Ms. McDowell furnished no consideration for the car, but signed all necessary documents for the purchase of the car as she had an established credit record and Kim did not. As a result of this transaction, the Chrysler was titled in both Ms. McDowell's and Kim's names, but was registered only in Ms. McDowell's name. Kim drove and maintained the automobile while Ms. McDowell had no use of the car as they lived in separate households. The decision of DSS found as a fact Ms. McDowell had no personal use of the Chrysler and participated in its purchase solely as a favor to her son.

Ms. McDowell takes the position Kim is the actual owner of the Chrysler and the car should, therefore, not be considered as her asset in her application for food stamps. She contends, though title to the car is also in her name, she is the trustee of a resulting trust that arose in favor of her son. We agree.

The general rule is when property is conveyed to one person and the consideration for that property is paid by another, it is presumed the party who pays the purchase money intended to benefit himself and a resulting trust is raised in his behalf. No such presumption arises when the conveyance is made to a close relative such as a wife or child, the presumption being that it is a gift. But, the presumption of gift may be rebutted by parol evidence or circumstances showing a contrary intention. *Lollis v. Lollis*, 291 S. C. 525, 354 S. E. (2d) 559 (1987). The testimony in this case completely negates any presumption of a gift made by Kim to Ms. McDowell.

The North Carolina case of *Ray v. Norris*, 78 N. C. App. 379, 337 S. E. (2d) 137 (1985) addressed a similar situation. There, the plaintiff brought suit seeking imposition of a purchase money trust upon property purchased with plaintiff's funds, with title in the name of the defendant. The evidence showed the plaintiff and defendant were cohabiting when the plaintiff desired to purchase a home. Because of plaintiff's bad credit rating and defendant's good credit rating, the plaintiff deposited money into defendant's account and defendant applied for the loan. The plaintiff supplied all of the funds for purchase of the home. The court there held the creation of a resulting trust depends on the intention of the person furnishing the consideration, which intention is to be determined from the facts and circumstances surrounding the transaction. In such a case, the grantee is merely considered to have made a loan of credit to the one who promises to, and actually does, provide the funds to pay the purchase price. The grantee does not benefit from and is not entitled to the proceeds of the loan and his only interest is to be indemnified against paying the indebtedness. *Id.* 337 S. E. (2d) at 140. The record clearly indicates, and DSS so found, Ms. McDowell only made a loan of her credit rating to Kim. The parties never intended for Ms. McDowell to have an interest in the Chrysler.

Equity devised the theory of resulting trust to effectuate the intent of the parties in certain situations where one party pays for property, in whole or in part, that for a different reason is titled in the name of another *Collins v. Davis*, 68 N. C. App. 588, 315 S. E. (2d) 759

(1984). DSS held, however, for a resulting trust to arise, Ms. McDowell would have to execute the transaction solely in her name. We find this position unsupported by law. In the case of *Ex Parte Stokes*, 256 S. C. 260, 182 S. E. (2d) 306 (1971) the South Carolina Supreme Court held the fact that a payor takes title to property in the name of himself and another jointly is an *indication* of the intention of the payor to make a beneficial gift of an undivided interest in property to the other person and *in absence of evidence to the contrary*, the other person does not hold his interest upon a resulting trust for the payor (emphasis added). Therefore, such a presumption is rebuttable. The evidence here clearly, definitely and convincingly supports the claim of Ms. McDowell that no gift was contemplated by Kim.

We therefore hold the circuit court erred in finding the administrative board was not clearly erroneous as DSS committed an error of law.

Because we find Ms. McDowell is the trustee of a resulting trust in favor of her son, we need not reach the issue of accessibility raised by Ms. McDowell.

Reversed.

SANDERS, C. J., and SHAW and CURETON, JJ., concur.