23251

Carroll HEATH, in his capacity as Sheriff of Aiken County, Respondent v. The COUNTY OF AIKEN, Aiken County Council, Scott Barnes, in his capacity as County Administrator, and Carroll Warner, Fay Hatcher, Medwell Hill, Lawana McKenzie, Mim Woodring, J. Michael Toole, Marilyn Smith, Ralph Cullinan, in their capacities as members of County Council, Appellants.

(394 S.E. (2d) 709)

Supreme Court

*Robert M. Bell,* and *Dennis M. Gmerek,* Langley, *for appellants.*

*John W. Harte,* Aiken, *for respondent.*

Heard June 5, 1990.

Decided Aug. 6, 1990.

HARWELL, Justice:

This case involves the issue of whether the trial court properly awarded respondent Carroll Heath, Sheriff of Aiken County (Sheriff Heath) attorney's fees under S.C. Code Ann. § 15-77-300 (Supp. 1989). We affirm.

## I. FACTUAL BACKGROUND

This case is before the Court after a trial on remand as or-

dered in our previous opinion in *Heath v. County of Aiken,* 295 S.C. 416, 368 S.E. (2d) 904 (1988) (*Heath I*). The action in *Heath I* was initially brought by Sheriff Heath to resolve the issue of the location and control of the Communications Division for appellant Aiken County. The Communications Division houses the system by which fire, ambulance, and police personnel are notified of emergency calls. The system has traditionally been located in and under the control of the sheriff's office. Sheriff Heath learned however, that appellant Aiken County Council (Council) was discussing plans to take the system from Sheriff Heath's department and make it into a separate department. Sheriff Heath was able to obtain a temporary injunction to prevent the Council from removing the system, pending a resolution of the case on its merits. The parties thereafter proceeded with discovery. As the case developed, other issues emerged concerning whether Sheriff Heath or the Council had control over deputies and employees in Sheriff Heath's office.

At trial, an agreement was read into the record concerning the Communications Division. Pursuant to this agreement, Sheriff Heath continues to house consolidated communications in his department. Also pursuant to the agreement, a five member management board was formed, and Sheriff Heath was made a member. The purpose of the board is to establish policies concerning operation and equipment utilization of the Communications Division. Sheriff Heath retained final discretion as to the hiring of employees for the Communications Division. The case proceeded to trial on the remaining issues involving control of the sheriff's department employees.

After a hearing on the matter, the circuit court ruled that except for purposes of hiring, firing, and promoting employees, the Council may develop personnel system policies and procedures for the sheriff's department employees pursuant to S.C. Code Ann. § 4-9-30(7) (1976).[1] The circuit court further

---

[1] Section 4-9-30(7) empowers county governing bodies to:

... develop personnel system policies and procedures for county employees by which all county employees are regulated except those elected directly by the people, and to be responsible for the employment and discharge of county personnel in those county departments in which the employment authority is vested in the county government but this authority shall not extend to any personnel employed in departments or agencies under the direction of an elected official....

ruled that an employee discharged from the sheriff's department has a right to submit a grievance to the county grievance committee, and that for purposes of Section 4-9-30(7)'s personnel policies, sheriff's deputies are employees. Sheriff Heath appealed that ruling to this Court in *Heath I*. Also in *Heath I*, the Council appealed the portion of the order requiring it to pay Sheriff Heath's attorney's fees.

In *Heath I*, we affirmed in part, reversed in part, and remanded the case. We concluded that the trial court had erred in finding that sheriff's deputies are employees for purposes of Section 4-9-30(7) and in finding that the Council could develop policies and procedures for sheriff's department employees. We held however, that the trial court correctly determined that a discharged employee has a right to submit a grievance to the county grievance committee. We remanded the portion of the order pertaining to attorney's fees for findings pursuant to S.C. Code Ann. § 15-77-300 (Supp. 1989).[2]

On remand, the circuit court determined the issue of attorney's fees in favor of Sheriff Heath, and awarded him $12,500.00. This appeal follows:

## II. DISCUSSION

Appellants argue that the trial court erred in awarding attorney's fees pursuant to Section 15-77-300 because fees are not appropriate under that section. In *Heath I*, we determined that the trial court had failed to make the necessary findings pursuant to Section 15-77-300 before ordering Aiken to pay Sheriff Heath's attorney's fees and court costs. We therefore remanded the case for such findings. A clear reading of *Heath I* settles the issue of whether Section 15-77-300 is the appropriate section as this is the section under which we remanded to the circuit court. Appellants' argument on this point was raised and disposed of adversely to them in their first appeal and we decline to examine this issue for a second time.

---

[2] Section 15-77-300 states:

In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the Court may allow the prevailing party to recover reasonable attorney's fees to be taxed as Court costs against the appropriate agency. . . .

Appellants further argue that even if Section 15-77-300 is applicable, the circuit court improperly found in Sheriff Heath's favor under the factors to be considered in making such an award. In *Heath I*, citing Section 15-77-300, we held that there are three prerequisites which must be established prior to the recovery of attorney's fees and costs by a party contesting state action.

> . . . first, the contesting party must be the 'prevailing party'; second, the court must find 'that the agency acted without substantial justification in pressing its claim against the party'; and third, the court must find 'that there are no special circumstances that would make an award of attorney's fees unjust.'

The circuit court resolved all three of these factors in favor of Sheriff Heath.

This Court has not previously determined the appropriate standard of review in an attorney's fee case under Section 15-77-300. We are guided, however, by the United States Supreme Court decision in *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed. (2d) 490 (1988), which involved the Construction of a similar section in the Equal Access to Justice Act (EAJA), Pub. L. 96-481, 94 Stat. 2328, 28 U.S.C. § 2412(d). In *Pierce*, the Supreme Court held that review of attorney's fees under the EAJA was subject to an abuse of discretion standard. Likewise, we hold that the award of attorney's fees in this case will not be disturbed unless appellants demonstrate that the trial judge abused his discretion in his consideration of the applicable factors. In this case, we hold that appellants have shown no abuse of discretion.

First, with regard to the first factor, we agree with the circuit court's determination that Sheriff Heath was the prevailing party. Contrary to appellants' assertion, a party need not be successful as to all issues in order to be found to be a prevailing party. A prevailing party has been defined as:

> [t]he one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention

[and] is the one in whose favor the decision or verdict is rendered and judgment entered.

*Buza v. Columbia Lumber Co.*, 395 P. (2d) 511, 514 (1964). A court determines the prevailing party by evaluating the degree of success obtained. *Commissioner, Immigration and Naturalization, et al. v. Marie Lucie Jean,* — U.S. —, 110 S. Ct. 2316, 110 L. Ed. (2d) 134 (1990). Sheriff Heath was the prevailing party in that he successfully prevented the Council from taking the Communications Division from his office, established that he has authority to set policies for Sheriff's Department personnel, and established that such personnel are not subject to the Council's personnel policies. On only one minor issue was the Council found to be correct, that being the matter of the grievance process. Therefore, on the main issue, as well as the majority of issues, we find that Sheriff Heath was the prevailing party.

Secondly, we must examine whether the Council acted without substantial justification in pressing its claim.

In *Pierce*, the Supreme Court discussed the definition of "substantial justification" in the context of attorney's fees and determined that this term does not mean " 'justified to a high degree', but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." 108 S. Ct. at 2250. To say that there was no substantial justification is not the same as a determination that a claim was frivolous. Therefore, a court need not go so far as to brand a claim "frivolous" in order for it to be found to be without substantial justification. *Pierce v. Underwood,* 108 S. Ct. at 2251.

In determining whether there was substantial justification in this case, we look to the terms of the settlement agreement as well as to the substance and outcome of the matter which was eventually litigated. The fact of a settlement alone does not automatically dispose of the issue of substantial justification, although it can be considered a relevant factor. In this case, most of the facts and circumstances surrounding the pretrial matters are not in the record, and we therefore cannot say that the trial judge abused his discretion as to those matters when such an abuse has not been demonstrated.

Also relevant to the issue of substantial justification is the outcome of the matter eventually litigated. To determine this, we examine the litigation in *Heath I.* The statute construed in *Heath I* was unambiguous, and coupled with the relevant precedent clearly established that the Council's claims were without merit. Therefore, the Council acted without substantial justification in pressing its claim.

Finally, we must determine whether any special circumstances exist which would make an award of attorney's fees unjust in this case. Clearly this litigation enured to the benefit of the citizens of Aiken County. Therefore, if any special circumstances exist, they are such circumstances as would make it unjust *not* to award attorney's fees, for it would obviously be unfair for Sheriff Heath to bear the costs of litigation which benefitted all the citizens of Aiken County.

We therefore find that the trial court properly proceeded under Section 15-77-300 and that it did not abuse its discretion in awarding attorney's fees after appropriate consideration of the three factors for recovery. The decision of the trial court is hereby

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

