23296

JASPER COUNTY BOARD OF EDUCATION, Respondent v. JASPER COUNTY GRAND JURY, Defendant. In re SEPTEMBER PUBLISHING CORPORATION d/b/a The Low Country Weekly, Appellant.

(398 S.E. (2d) 498)

Supreme Court

*Jay Bender* of *Belser, Baker, Barwick, Ravenel and Bender,* Columbia, *for appellant.*

*Bruce E. Davis,* of Camden, and *James B. Richardson, Jr.,* of *Savalina, Richardson and Smith,* Columbia, *for respondent.*

Heard Oct. 22, 1990.

Decided Nov. 26, 1990.

GREGORY, Chief Justice:

This appeal is from an order denying attorney's fees. We affirm.

Respondent (Board of Education) commenced an action against the Jasper County Grand Jury in which an order was ultimately entered prohibiting dissemination of the grand jury's proposed year-end report. Subsequently, Board of Education obtained a rule to show cause seeking to temporarily restrain appellant (Publisher) from publishing the grand jury's report and compelling it to divulge its source of information. No temporary relief was granted on the rule to show cause.

At the hearing on the merits, Publisher moved to dismiss the proceedings for lack of jurisdiction. The trial judge granted the motion on the ground the court lacked jurisdiction because no summons and complaint had been served as required under Rule 65(b), SCRCP, and therefore no action had been commenced under Rule 3(a), SCRCP.

Publisher then moved for attorney's fees of $2,211.60 to be assessed against Board of Education under S.C. Code Ann. §15-77-300 (Supp. 1989). The trial judge denied the request finding Board of Education had acted with substantial justification in seeking relief against Publisher.

To recover attorney's fees from a governmental entity under §15-77-300, three requirements must be met: (1) the party seeking attorney's fees must be the "prevailing party" in an action contesting government action; (2) the court must find the governmental entity acted "without substantial justification" in pressing its claim; and (3) the court must find there are no special circumstances rendering an award of attorney's fees unjust. *Heath v. County of Aiken (Heath I)*, 295 S.C. 416, 368 S.E. (2d) 904 (1988). On appeal, the trial judge's decision regarding an award of attorney's fees under this statute will not be disturbed absent an abuse of discretion. *Heath v. County of Aiken (Heath II)*, 302 S.C. 178, 394 S.E. (2d) 709 (1990).

We find no abuse of discretion in the denial of attorney's fees here. Publisher does not qualify as a "prevailing party" entitled to recover attorney's fees under § 15-77-300 because there was never a resolution on the merits. In *Heath II*, we defined "prevailing party" as:

the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention, and in whose favor the decision or verdict is rendered and judgment entered.

*Id.* at ___ , 394 S.E. (2d) at 711. This definition clearly envisions a victory to some degree on the merits. Further, as a factor in determining whether there was substantial justification for the government action, we look to "the outcome of the matter eventually litigated." *Id.* at ___ , 394 S.E. (2d) at 712. A procedural dismissal offers no aid in this evaluation. We conclude Publisher is not entitled to attorney's fees under §15-77-300.

Affirmed.

HARWELL, CHANDLER and FINNEY, JJ., and LITTLEJOHN, Acting Associate Justice, concur.