23409

Fannie R. McDOWELL, Appellant v. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent.

(405 S.E. (2d) 830)

Supreme Court

*Harold F. Daniels, Piedmont Legal Services, Inc.*, Spartanburg, *for appellant.*

*Gen. Counsel Bruce Holland,* and *Asst. Gen. Counsel Tana G. Vanderbilt, S.C. Dept. of Social Services,* Columbia, *for respondent.*

Heard April 22, 1991.

Decided May 28, 1991.

GREGORY, Chief Justice:

This appeal is from an order denying appellant attorney's fees under S.C Code § 15-77-300 (Supp. 1990). We affirm in part, reverse in part, and remand.

Appellant commenced an action for judicial review under the Administrative Procedures Act (APA), S.C. Code Ann. § 1-23-380 (1986), contesting the decision of respondent Department of Social Services (DSS) denying her food stamp

benefits. DSS ruled that a 1984 Chrysler automobile, titled jointly in appellant's and her son's names, was appellant's asset. This asset placed her over the resource limit for food stamp eligibility. The circuit court affirmed the agency's decision. On appeal to the Court of Appeals, however, appellant prevailed on the ground she held the car only as the trustee of a resulting trust in favor of her son and the car was therefore improperly considered her asset. *McDowell v. South Carolina Department of Social Services*, 296 S.C. 89, 370 S.E. (2d) 878 (Ct. App. 1987).

Appellant then filed a petition for attorney's fees pursuant to § 15-77-300. The circuit court dismissed the petition for untimeliness. On appeal, the Court of Appeals reversed the dismissal and remanded the case to the circuit court for consideration on the merits. *McDowell v. South Carolina Department of Social Services*, 300 S.C. 24, 386 S.E. (2d) 280 (Ct. App. 1989). Appellant filed a supplemental petition for attorney's fees incurred in petitioning for such fees and in appealing the dismissal of the petition. The total fee claimed was $10,515.31.

On the merits of the appellant's petition, the circuit court found as follows: (1) appellant is not entitled to attorney's fees for the hearing before DSS because § 15-77-300 does not apply to agency proceedings; (2) appellant is not entitled to attorney's fees for proceedings in the circuit court because DSS's denial of food stamps was substantially justified; (3) appellant is not entitled to attorney's fees on appeal to the Court of Appeals under § 15-77-300, but is entitled only to $750 pursuant to Supreme Court Rule 38, § 4.

We first determine whether DSS acted without substantial justification thereby entitling appellant to attorney's fees under § 15-77-300. Section 15-77-300 provides in pertinent part:

In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

In *Heath v. County of Aiken,* — S.C. —, 394 S.E. (2d) 709 (1990), we held that "substantial justification" for the purposes of this statute means justified to a degree that could satisfy a reasonable person. An agency action supported by substantial justification is one which has a reasonable basis in law and fact. *See Pierce v. Underwood,* 487 U.S. 552, 108 S. Ct. 2541, 101 L. Ed. (2d) 490 (1988). Under § 15-77-300, the agency action we examine for substantial justification is DSS's action in "pressing its claim" against the adverse party. We therefore look to the agency's position in litigating this case to determine whether it is one which has a reasonable basis in law and fact.[1]

Applying this standard, we conclude DSS acted without substantial justification. The facts regarding appellant's joint ownership of the Chrysler were undisputed. She furnished no consideration for its purchase but signed all the necessary documents because she had an established credit record and her son did not. DSS found appellant participated in purchasing the car solely as a favor to her son. DSS ruled, however, that for a resulting trust to arise, the property could not be jointly titled. This conclusion is incorrect under established South Carolina precedent. When property is titled jointly, a resulting trust does not arise *unless there is evidence to the contrary,* as in this case. *See Legendre v. South Carolina Tax Comm'n,* 215 S.C. 514, 56 S.E. (2d) 336 (1949). DSS therefore relied on an erroneous legal conclusion in defending its decision in proceedings before the circuit

---

[1] *See Spencer v. Nat'l Labor Relations Bd.,* 712 F. (2d) 539 (D.C. Cir. 1983), for an extensive discussion of the merits of evaluating the agency's litigation position rather than the underlying action giving rise to the litigation. *Spencer* construed the Equal Access to Justice Act (EAJA) before its subsequent amendment requiring that both the agency's litigation position and its underlying action be substantially justified. 28 U.S.C. § 2412(d)(2)(D). The language of § 15-77-300, however, does not track the EAJA beyond using the phrase "substantially justified."

court and Court of Appeals. DSS's litigation position was not substantially justified because it had no reasonable basis in law and fact.

Having determined that appellant has shown DSS acted without substantial justification as provided in § 15-77-300 and finding no special circumstances that would make an award of attorney's fees unjust, we conclude the trial judge abused his discretion in denying appellant's petition. *See Heath, supra* (standard of review). We must next determine what fees are recoverable.

First, the trial judge held appellant is not entitled to attorney's fees for the hearing before DSS. We agree since at this point the agency was not "pressing its claim" in litigation against appellant but was merely functioning as an administrative decision-maker. We therefore affirm the denial of attorney's fees for this stage of the proceedings below.

Second, the trial judge held appellant was not entitled to attorney's fees for the action for judicial review in the circuit court. DSS contends this ruling is correct because this is not "a civil action" since it is not commenced by service of a summons and complaint, *see* Rules 2 and 3(a), SCRCP, and § 15-77-300 by its terms applies only to "civil actions." We reject DSS's argument. An action for judicial review is one properly brought in the court of common pleas although it is by petition pursuant to § 1-23-380(b) and not by summons and complaint. We find it is a civil action within the terms of § 15-77-300. To hold that § 15-77-300 does not apply to such actions would eviscerate the statute since an agency typically "presses its claim" in the courts in the context of actions for judicial review. Appellant is therefore entitled to attorney's fees for the judicial review action in circuit court.

Third, the trial judge held appellant was entitled only to $750 for the appeal under Supreme Court Rule 38.[2] Rule 38, however, does not preempt an award of attorney's fees to which one is otherwise entitled. We reverse the trial judge's ruling and hold appellant is entitled to attorney's fees under § 15-77-300 for fees incurred on appeal.

---

[2] Now Rule 222, SCACR.

Finally, appellant is entitled to attorney's fees under § 15-77-300 for this litigation and appeal seeking to secure such fees. We remand to the circuit court for a final determination to the total amount of the fee to be awarded according to the guidelines set forth herein.

Affirmed in part; reversed in part; and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.