2072

Paul ROSS, M.D., Respondent v. MEDICAL UNIVERSITY OF SOUTH CAROLINA, James B. Edwards, W. Marcus Newberry, Stanley C. Baker, Jr., Thomas C. Rowland, M.D., Melvyn Berlinsky, Wm. Bruce Ezell, Jr., M.D., Cotesworth P. Fishburne, Jr., D.D.S., Herbert C. Granger, Charles B. Hanna, M.D., Robert C. Lake, Jr., E. Conyers O'Bryan, Jr., M.D., Claudia W. Peeples, Harrison L. Peeples, M.D., Philip D. Sasser and Alan Stalvey, of whom Medical University of South Carolina is Appellant.

(435 S.E. (2d) 877)

Court of Appeals

*Richard S. Rosen* and *Morris D. Rosen,* of *Rosen, Rosen, & Hagood;* and *Gen. Counsel Joseph C. Good, Jr.,* of *Medical University of South Carolina,* Charleston *for appellant.*

*Ellis I. Kahn* and *Justin S. Kahn,* of *Solomon, Kahn, Budman & Stricker,* Charleston, *for respondent.*

Heard June 15, 1993. Decided Sept. 7, 1993.

Reh. Den. Oct. 20, 1993.

BELL, Judge:

This is a proceeding for judicial review of administrative action brought pursuant to the Administrative Procedures Act.[1] Paul Ross, M.D., was a tenured professor and Chairman of the Department of Radiology at the Medical University of South Carolina. The President of the University terminated his employment. The Board of Trustees of the University upheld the termination. Thereafter, Ross brought suit against the University and the individual members of the Board of Trustees in the Court of Common Pleas for Charleston County. He alleged six causes of action, including violations of his due process rights under the federal and State Constitutions. The sixth cause of action sought judicial review of the administrative decision. The case was removed to the United States District Court. The District Court retained jurisdiction over the first five causes of action, but remanded the claim for judicial review of the administrative decision to the Court of Common Pleas.

Prior to a hearing on the petition for judicial review, Ross served discovery requests including a request that the University admit certain communications between its Vice President for Academic Affairs and its General Counsel. The University objected on the ground that the discovery sought information protected by the attorney-client privilege. Judge Walter Bristow overruled the objection and required the University to answer the Requests for Admissions. The University appealed this order to the South Carolina Supreme Court. The appeal was dismissed without prejudice as being interlocutory and not directly appealable.

After the University failed to respond to the Requests for Admissions as ordered by Judge Bristow, Ross moved for an order that the Requests for admissions be deemed admitted and that sanctions be imposed upon the University for failure

---

[1] S.C. Code Ann. § 1-23-310 to -400 (1986).

to respond. The University opposed this motion by filing a Motion for a Protective Order on the ground of attorney-client privilege. At a hearing on these motions, Judge Richard Fields found he had no authority to change Judge Bristow's ruling and ordered the University to respond. When the University elected to stand on its objection that the matter requested is protected by the attorney-client privilege, Ross filed a motion to hold the University in contempt and for sanctions. At a hearing on this motion, Judge A. Victor Rawl ordered that the Requests for Admissions would be deemed admitted and further found the University in contempt of the orders of Judge Bristow and Judge Fields. He ordered the University to pay $500 in attorney's fees as expenses incurred in compelling discovery. The University appeals. We vacate the appealed order.

The South Carolina Rules of Civil Procedure governs actions brought in the courts of South Carolina in all suits of a civil nature. Rule 1, SCRCP; *Standard Federal Savings & Loan Association v. Mungo*, 306 S.C. 22, 410 S.E. (2d) 18 (Ct. App. 1991). The Rules provide various methods by which parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in a pending action. Rule 26(a), (b)(1), SCRCP. However, a proceeding for judicial review under the Administrative Procedures Act is not an "action" in which discovery under the Rules may be had.[2] An "action" is a proceeding at first instance in a court having original jurisdiction of the subject matter of the dispute. *Cf. Johnson v. City of Minneapolis*, 209 Minn. 67, 295 N.W. 406 (1940). A petition for judicial review pursuant to S.C. Code Ann. § 1-23-380 is neither a proceeding at first instance nor is it within the original jurisdiction of the circuit court.[3]

In cases governed by the Administrative Procedures Act,

---

[2] A proceeding under the Administrative Procedures Act is considered a civil action for purposes of recovering attorney's fees. *McDowell v. South Carolina Department of Social Services*, 304 S.C. 539, 405 S.E. (2d) 830 (1991). However, nothing in *McDowell* suggests that a proceeding for judicial review under the Act should generally be considered the equivalent of a civil trial of first instance in which discovery is allowed.

[3] Art. V., § 11 of the Constitution of South Carolina provides that the circuit court shall be a general trial court with original jurisdiction in civil and criminal cases and shall have such appellate jurisdiction as provided by law.

the proceeding at first instance is an administrative hearing before an agency authorized by law to determine the legal rights, duties or privileges of a party in a contested case after an opportunity for a hearing. *See* S.C. Code Ann. § 1-23-310 to -370 (1986). The jurisdiction granted to the circuit court by the Act is not original jurisdiction, but jurisdiction to review the agency's decision. Code § 1-23-380(a). The circuit court's review is confined to the record before the agency. *See* Code § 1-23-380(f), (g). The agency, not the court, has primary jurisdiction and is the finder of fact. *See Webber v. Michelin Tire Corp.*, 285 S.C. 581, 330 S.E. (2d) 547 (Ct. App. 1985). In other words, under the Administrative Procedures Act, the circuit court is not a trial court of original jurisdiction, but a reviewing court with jurisdiction only to affirm, reverse, or modify the agency's decision on those grounds expressly authorized by the Act. *See* S.C. Code Ann. § 1-23-380(g) (1986).

In this case, the court was without jurisdiction to order discovery under the Rules of Civil Procedure.[4] Thus, the order of Judge Bristow compelling a response to Ross's discovery request was entered without jurisdiction and was void. *Turner v. Malone*, 24 S.C. 398 (1886) (judgment entered without jurisdiction is void ab initio). One cannot be held in contempt for failure to comply with a void order. *State ex rel. Bruce v. Rice*, 67 S.C. 236, 45 S.E. 153 (1903); *State v. Nathans*, 49 S.C. 199, 27 S.E. 52 (1897). Therefore, we vacate the order of Judge Rawl deeming the Requests for Admissions to be admitted and holding the University in contempt for failure to respond.

Vacated.

HOWELL, C.J., and LITTLEJOHN, Acting J., concur.

---

[4] If the development of additional facts is needed for judicial review of an agency decision, the court may order additional evidence to be taken before the agency. S.C. Code Ann. § 1-23-380(e) (1986). In the limited case of alleged irregularity in procedure before the agency not shown in the record, the circuit court may also take proof itself. Code § 1-23-380(f).