2161

Amelia BROWN, Gene Cobin, La Rona Cobin, Marilyn forest, Lavern D. Jackson, Florence G. Gailliard, Donna Jeffcoat, Terry Johnson, Jason F. Koerner, Betsy Overbay, Delores R. Pettigrew, Eva Ross, Maurice Singleton, John M. Skipper, Bernice Smalls, Kenneth St. Louis, Margaret St. Louis, Ernest P. Vogt, Connie Vogt, and Valerie Marie Waters, Respondents-Appellants v. CITY OF NORTH CHARLESTON, Appellant-Respondent.

(442 S.E. (2d) 633)

Court of Appeals

---

*James E. Gonzales of Gonzales & Gonzales,* North Charleston, *for appellant-respondent.*

*Armand Derfner* and *Donna Taylor* of *Neighborhood Legal Assistance Program, Inc.,* Charleston, *for respondents-appellants.*

Heard Mar. 8, 1994.

Decided Mar. 21, 1994.

*Per Curiam:*

This is a statutory action by tenants for recovery of moving costs and rent differential payments under S.C. Code Ann. § 28-11-10 (1991). Amelia Brown and other tenants of private landlords sued the City of North Charleston for damages allegedly suffered when the City took the property they were leasing by power of eminent domain. The circuit court granted summary judgment to the tenants, but denied recovery of attorney fees. The City appeals the grant of summary judgment and the tenants cross appeal the denial of attorney fees. We affirm in part and reverse in part and remand.

The tenants rented homes, apartments, or mobile homes from landowners of property near Firestone Road in North Charleston. The City of North Charleston acquired the property by condemnation or negotiated purchase in order to construct a municipal coliseum and parking lot. As a result, the tenants were forced to relocate. They sought financial assistance from the City for displacement and relocation costs pursuant to section 28-11-10. The City refused the requests and the tenants filed suit.

The City alleged section 28-11-10 only requires payment of such costs if the project received federal financial assistance. Because this project received no federal funds, the City contended no payments were required.

The tenants filed a motion for summary judgment under the

statute. The circuit court held section 28-11-10 applies to any public project undertaken by a state or municipal government even when there is no federal funding. However, the court did not award attorney fees to the tenants.

## I.

The City asserts the circuit court erred in its interpretation of section 28-11-10, because the statute requires payment of relocation claims and displacement costs only if the project is eligible to receive federal funds, whether such funds are actually received or not. The statute provides as follows:

> To the extent that the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (Public Law 91-646) makes relocation payments and assistance to displaced persons or other legal entities by states a prerequisite to Federal aid to such states in programs or projects involving the acquisition of real property for public uses, . . . State agencies and instrumentalities and political subdivisions and local government agencies and instrumentalities involved in such programs or projects . . . *are required to make such payments* to such displaced persons or other legal entities, *whether the program or project is federally aided or not,* and such expenditures shall be deemed part of the cost of such program or project.

[Emphasis added.]

Contrary to the assertion of the City, the statute contains plain language expressing the legislative intention to supply relocation assistance "whether the program or project is federally aided or not." In addition to this clear language, the title of the act refers to relocation assistance "when any program or project undertaken involving acquisition of real property will result in displacement of any person or other legal entity." 1972 S.C Acts 2522. We affirm the judgment for the tenants on this issue.

## II.

The tenants cross appeal the denial of their request for attorney fees. The court found the City acted with sub-

stantial justification in pressing its claim and denied recovery of attorney fees under S.C. Code Ann. § 15-77-300 (Supp. 1993).[1] We reverse and remand this issue.

An agency action is supported by substantial justification if it has a reasonable basis in law and fact. *McDowell v. S.C. Dep't of Social Services*, 304 S.C. 539, 405 S.E. (2d) 830 (1991). A court need not find a claim to be frivolous in order for it to be without substantial justification. *Heath v. County of Aiken*, 302 S.C. 178, 394 S.E. (2d) 709 (1990).

In this case, the circuit court and this Court have found the statute in question to be unambiguous. The language of the statute plainly forecloses the legal position taken by the City throughout this lawsuit. Because the City's position is without reasonable basis in law, we hold it acted without substantial justification in pressing its claim. *See Heath, supra* (statute construed was unambiguous). Therefore, the judgment of the circuit court denying attorney fees is reversed. We remand for a determination of the amount of fees to be awarded.

Affirmed in part, reversed in part, and remanded.

BELL, GOOLSBY, and CONNOR, JJ., concur.

---

[1] The circuit court also denied recovery of attorney fees to the tenants under 42 U.S.C. § 1983. Based upon our disposition under the state statute, it is not necessary to address this issue.