595 S.E.2d 890

**VIDEO GAMING CONSULTANTS, INC., Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant.**

No. 3782.

Court of Appeals of South Carolina.

Heard Feb. 11, 2004.
Decided April 26, 2004.

Carol I. McMahan, Nicholas P. Sipe, Harry T. Cooper, Jr., of Columbia, for Appellant.

H. Buck Cutts, of Surfside Beach, for Respondent.

HUFF, J.:

After prevailing in underlying litigation against the South Carolina Department of Revenue (Department), Video Gaming Consultants, Inc. (Video Gaming) asked that it be awarded attorney's fees pursuant to S.C.Code Ann. § 15–77–300 (Supp.

2003). The circuit court awarded $25,286.00 in attorney's fees. The Department appeals. We reverse.

## FACTS

Video Gaming operated a video gaming business in Garden City. On July 27, 1995, the Department issued Video Gaming a citation for violation of S.C.Code Ann. § 12–21–2804(b) (Supp. 1999)[1] for advertising video games on its premises. Video Gaming had displayed a large sign stating "STOP HERE TRY OUR POKER VIDEO GAMES" and two signs stating "JACKPOT VIDEO GAMES."

Video Gaming appealed the citation to the Administrative Law Judge (ALJ) Division, contending that the State's prohibition against advertising violated the protection of free speech afforded by the First Amendment and the relevant statute should be declared void and unconstitutional. The ALJ upheld the citation. The Honorable J. Stanton Cross, Jr., sitting as Special Circuit Court Judge, affirmed the ALJ decision. The South Carolina Supreme Court reversed finding the statute was an unconstitutional restriction on commercial speech. *Video Gaming Consultants v. S.C. Dept. of Revenue*, 342 S.C. 34, 535 S.E.2d 642 (2000).

After the supreme court issued its opinion, Video Gaming filed a petition for attorney's fees pursuant to S.C.Code Ann. § 15–77–300 (Supp.2003). The case was heard by Judge Cross. He awarded Video Gaming $27,453.00 in fees. In an amended order, Judge Cross reduced the amount by $6,499.00 to correct a billing error and also added $3,404.00 for fees incurred between May 2001 through September 2001 for a total award of $25,286.00 in attorney's fees. This appeal followed.

## STANDARD OF REVIEW

On appeal, the trial court's decision regarding an award of attorney's fees under S.C.Code Ann. § 15–77–300

---

1. This section provided, "No person who maintains a place or premises for the operation of machines licensed under Section 12–21–2720(A)(3) may advertise in any manner for the playing of the machines." It was repealed by Act No. 125, Part I, § 8, eff. July 1, 2000, 1999 S.C. Acts 1325.

(Supp.2003) will not be disturbed absent an abuse of discretion. *Heath v. County of Aiken*, 302 S.C. 178, 182, 394 S.E.2d 709, 711 (1990). An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law. *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 601, 553 S.E.2d 110, 121 (2001).

## LAW/ANALYSIS

The Department argues the trial court erred in awarding attorney's fees to Video Gaming. We agree.

■■ The prevailing party to a civil action may recover attorney's fees against a state agency only if "the agency acted without substantial justification in pressing its claim against the party" and there are no "special circumstances that would make the award of attorney's fees unjust." S.C.Code Ann. § 15–77–300 (Supp.2003). Our supreme court held "substantial justification" does not mean " 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Heath v. County of Aiken*, 302 S.C. 178, 183, 394 S.E.2d 709, 712 (1990) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), which was applying the federal Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Supp.2003) [2]). In deciding whether a state agency acted with substantial justification, the courts look to the agency's position in litigating the case to determine "whether it is one which has a reasonable basis in law and fact." *McDowell v. S.C. Dep't of Soc. Servs.*, 304 S.C. 539, 542, 405 S.E.2d 830, 832 (1991). An agency's loss on the merits does not create a presumption that its position was not substantially justified. *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3rd Cir.2001); *see Pierce*, 487 U.S. at 569, 108 S.Ct. 2541 (noting the government could take a position that is substantially justified, yet lose).

---

**2.** The EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (Supp.2003).

In awarding attorney's fees to Video Gaming, Judge Cross stated the following:

In further response to [the Department's] Motion to Reconsider, I point out that [the Department] acted without substantial justification when it continued to vigorously prosecute this case after the United States Supreme Court handed down its decision in the *44 Liquormart* case [3] in the summer 1996. This decision was handed down *before* the Administrative Law Judge decision was issued and substantially undercut the legal analysis and argument of the state relative to both the *Reyelt*[4] and *Posadas*[5] decisions.

The court then explained that the Department had failed to meet its affirmative duty to "disclose to the ALJ Division Court and to this Court the impact and legal effect of *44 Liquormart*."

■ We find no evidence the Department acted without substantial justification in continuing its action against Video Gaming after the United States Supreme Court's decision in *44 Liquormart*. Rule 3.3(a)(3) of the Rules of Professional Conduct, Rule 407, SCACR, requires lawyers to disclose to the tribunal "legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel ..." As the comment to this section notes, "[a] lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities."

Our review of the record reveals no indication of the Department being less than forthcoming with regard to the Court's decision in *44 Liquormart*. The Department did not fail to disclose the case to the tribunals in the underlying litigation. The parties argued extensively about the proper interpretation of *44 Liquormart* during the ALJ hearing. The circuit court likewise engaged in a substantial discussion of the case's impact in its order affirming the ALJ decision. We find

---

3. *44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996).

4. *Reyelt et al. v. S.C. Tax Comm'n,* C/A No. 6–93–1491–3 (D.S.C.1993).

5. *Posadas de Puerto Rico Assocs. v. Tourism Co. of P.R.,* 478 U.S. 328, 341, 106 S.Ct. 2968, 92 L.Ed.2d 266 (1986).

no point at which the Department maintained a position that can be viewed as disingenuous.

Furthermore, the Department was in no position to determine that *44 Liquormart* had rendered Section 12–21–2804 unconstitutional. All statutes are presumed constitutional. *Davis v. County of Greenville*, 322 S.C. 73, 77, 470 S.E.2d 94, 96 (1996). As an administrative agency, the Department "must follow the law as written until its constitutionality is judicially determined; an agency has no authority to pass on the constitutionality of a statute." *Beaufort County Bd. of Educ. v. Lighthouse Charter Sch. Comm.*, 335 S.C. 230, 241, 516 S.E.2d 655, 660–61 (1999). By continuing its action against Video Gaming, the Department was merely enforcing Section 12–21–2804 as it was obligated to do until a proper court determined the statute to be unconstitutional. Thus, we find the Department had a reasonable basis in law and fact for continuing its action against Video Gaming.

Accordingly, we hold the trial court abused its discretion in determining the Department acted without substantial justification in the underlying litigation. The trial court's award of attorney's fees pursuant to Section 15–77–300 is

**REVERSED.**

STILWELL, J. and CURETON, Acting Judge, concur.