**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

R.P., Appellant,

v.

South Carolina Department of Health and Human Services, Respondent.

Appellate Case No. 2014-001284

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2017-UP-039
Submitted October 1, 2016 – Filed January 11, 2017

———————

**AFFIRMED**

———————

Stuart M. Andrews, Jr. and Susan Hills Nelson, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, and Patricia Logan Harrison, of Columbia, for Appellant.

William H. Davidson II and Kenneth P. Woodington, both of Davidson & Lindemann, PA, of Columbia, for Respondent.

———————

**PER CURIAM:**  R.P. appeals the Administrative Law Court's (ALC's) denial of her request for attorney's fees pursuant to section 15-77-300 of the South Carolina Code (Supp. 2016).  We affirm.

1.  We disagree with R.P.'s argument she was entitled to attorney's fees because she was the prevailing party and the Department of Health and Human Services (Department) was not substantially justified in asserting she was not eligible for Mental Retardation/Related Disability (MR/RD) waiver services and continuing to litigate this position.  *See Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008) ("The decision to award or deny attorney's fees under the state action statute will not be disturbed on appeal absent an abuse of discretion by the trial court in considering the applicable factors set forth by the statute."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions."); S.C. Code Ann. § 15-77-300(A) (Supp. 2016) (providing for an award of attorney's fees against the State to a prevailing party if: "(1) the court finds that the agency acted without substantial justification in pressing its claim against the party; and (2) the court finds that there are no special circumstances that would make the award of attorney's fees unjust"); *Heath v. Cty. of Aiken*, 302 S.C. 178, 183, 394 S.E.2d 709, 712 (1990) (stating substantial justification means "justified to a degree that could satisfy a reasonable person" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))); *Layman*, 376 S.C. at 445, 658 S.E.2d at 326 ("[I]n deciding whether a state agency acted with substantial justification, the relevant question is whether the agency's position in litigating the case had a reasonable basis in law and in fact."); *id.* ("Although an agency's loss on the merits does not create a presumption that its position was not substantially justified, the substance and outcome of the matter litigated is nevertheless relevant to the determination of whether there was substantial justification in pressing a claim." (citation omitted)); *United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992) (stating merits decisions and their rationales "are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position"); *id.* ("As such, they obviously must be taken into account . . . in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified . . . .").  During the underlying litigation, the hearing officer, the ALC, and two supreme court justices all agreed with the Department's position Regulation 88-210(f)[1] did not

---

[1] S.C. Code Ann. Regs. 88-210(f) (2012) (defining "Developmental Period" as "[t]he period of time between conception and the twenty-second birthday").

apply to MR/RD waiver services eligibility determinations. While their acceptance of the Department's position is not dispositive of whether that position was substantially justified, it is an indication of the reasonableness of the position. We believe the ALC did not abuse its discretion in determining the Department was substantially justified in espousing the position that Regulation 88-210(f) was not applicable to MR/RD waiver services eligibility determinations. In addition, we find the ALC did not abuse its discretion in ruling the Department had a reasonable factual basis for its position R.P. was ineligible for MR/RD waiver services and had supported its position with abundant expert testimony.

2. We find no reversible error in the ALC's denial of R.P.'s request for discovery. The ALC noted R.P. had not filed her motion for discovery until after the court held a conference call with the parties and announced its ruling to deny R.P.'s request for attorney's fees. The ALC thus held, "I find that [R.P.'s] subsequent Motion for Limited Discovery is moot and is therefore denied." R.P. does not challenge the mootness ruling in her brief. Accordingly, it is the law of the case. *See Rumpf v. Mass. Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the trial court's judgement is the law of the case, and must therefore be affirmed.").

3. We find no error in the ALC's refusal to consider R.P.'s argument the Department initiated these proceedings in an attempt to moot her federal lawsuit. The ALC refused to consider this issue because R.P. did not specifically raise the issue in her petition for attorney's fees. R.P. fails to challenge this ruling. *See First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) ("Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal. The unchallenged ruling, right or wrong, is the law of the case and requires affirmance.").

4. We find no merit to R.P.'s assertion the ALC erred in refusing to admit and consider proffered evidence from the merits hearing. In its order on R.P.'s motion for reconsideration, the ALC described R.P.'s efforts to supplement the record after the decision was announced as "untimely and improper." On appeal, R.P. does not challenge the ALC's refusal to consider the transcript because she did not submit it in a timely manner. Thus, this ruling is the law of the case. *See id.* ("Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal. The unchallenged ruling, right or wrong, is the law of the case and requires affirmance."). Furthermore, the ALC did consider and reject R.P.'s argument the Department lacked substantial justification in continuing its efforts to have R.P. determined ineligible for MR/RD waiver services after the supreme

court's decision.  As noted above, we find the ALC did not abuse its discretion in this determination.

5.  We find the ALC did not abuse its discretion in refusing to admit the orders from the federal court litigation.  *See Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) ("The admission of evidence is within the trial judge's discretion and his decision will not be reversed absent an abuse of discretion."); *State v. Gulledge*, 326 S.C. 220, 229, 487 S.E.2d 590, 594 (1997) ("[T]he admissibility of evidence is limited by constitutional provisions which require the evidence to be relevant, reliable and trustworthy."); *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 636 (D.C. Cir. 2014) (holding that conduct by the IRS in another action was irrelevant because it did not occur in the action in which the fees were sought).  The federal court litigation involved different issues from the determination of eligibility for MR/RD waiver services involved in this litigation. Accordingly, the federal court orders were not relevant and the ALC did not err in denying admission of them into evidence.

6.  We find no merit to R.P.'s argument the ALC erred in holding substantial justification existed because the issues in this case had not been previously litigated.  *See Cornelius v. Oconee Cty.*, 369 S.C. 531, 539, 633 S.E.2d 492, 497 (2006) (stating the fact that a case involves a novel issue does not make the government's position substantially justified).  While the ALC acknowledged novelty alone would not cause a "completely unreasonable position to be substantially justified," it explained the Department's position was in fact reasonable and "the first-impression nature of the issue . . . constitutes an additional reason why it was reasonable for [the Department] to conclude that the regulation was inapplicable to determinations of eligibility."  We find no error in this ruling.

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**