**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jeffrey D. Allen, on behalf of Jane Doe, Appellant,

v.

South Carolina Budget and Control Board, Employee Insurance Program, Respondents.

Appellate Case No. 2015-001561

———

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———

Unpublished Opinion No. 2017-UP-358
Heard April 11, 2017 – Filed September 20, 2017

———

**AFFIRMED**

———

Terry E. Richardson, Jr, of Richardson Patrick Westbrook & Brickman, LLC, of Barnwell, and John A. Massalon, of Wills Massalon & Allen LLC, of Charleston, for Appellant.

Theodore DuBose Willard, Jr., of Montgomery Willard, LLC, and Stephen Raymond Van Camp, both of Columbia, for Respondents.

———

**PER CURIAM:**  Jeffrey D. Allen, on behalf of Jane Doe, appeals the Administrative Law Court's (ALC's) denial of his request for attorney's fees pursuant to the state action statute, section 15-77-300 of the South Carolina Code (Supp. 2016).  We affirm.

We disagree with Allen's argument he was entitled to attorney's fees because the ALC erred in finding Respondents were substantially justified in asserting the diabetes mandate in section 38-71-46 of the South Carolina Code (2015) did not apply to the State Health Plan.  *See Layman v. State*, 376 S.C. 434, 444, 658 S.E.2d 320, 325 (2008) ("The decision to award or deny attorney's fees under the state action statute will not be disturbed on appeal absent an abuse of discretion by the trial court in considering the applicable factors set forth by the statute."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions."); S.C. Code Ann. § 15-77-300(A) (Supp. 2016) (providing for an award of attorney's fees against the State to a prevailing party if: "(1) the court finds that the agency acted without substantial justification in pressing its claim against the party; and (2) the court finds that there are no special circumstances that would make the award of attorney's fees unjust"); *Heath v. Cty. of Aiken*, 302 S.C. 178, 183, 394 S.E.2d 709, 712 (1990) (stating substantial justification means "justified to a degree that could satisfy a reasonable person" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))); *Layman*, 376 S.C. at 445, 658 S.E.2d at 326 ("[I]n deciding whether a state agency acted with substantial justification, the relevant question is whether the agency's position in litigating the case had a reasonable basis in law and in fact."); *id.* ("Although an agency's loss on the merits does not create a presumption that its position was not substantially justified, the substance and outcome of the matter litigated is nevertheless relevant to the determination of whether there was substantial justification in pressing a claim." (citation omitted)); *United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992) (stating merits decisions and their rationales "are the most powerful available indicators of the strength, hence reasonableness, of the ultimately rejected position"); *id.* ("As such, they obviously must be taken into account . . . in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified . . . .").  During the underlying litigation, the ALC and a supreme court justice in a well-reasoned dissent agreed with Respondents' position the diabetes

mandate did not apply to the State Health Plan.[1]  The State Health Plan is a unique creation, found in a different section of the South Carolina Code from the general insurance statutes.  Even the majority in *Allen* acknowledged not all general insurance statutes apply to the State Health Plan.  *Allen*, 411 S.C. at 618 n.10, 769 S.E.2d at 670 n10.  Thus, while Respondents' position in the litigation was not the prevailing view ultimately, it was sufficiently justified to "satisfy a reasonable person."  Accordingly, we find the ALC did not abuse its discretion in denying Appellant's request for attorney's fees.[2]  The ALC's order is

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] *Allen v. S.C. Pub. Emp. Benefit Auth.*, 411 S.C. 611, 623, 769 S.E.2d 666, 673 (2015) (Pleicones, J., dissenting).

[2] Because we find Appellant was not entitled to attorney's fees, we need not address his remaining issue.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address additional issues when the disposition of the first issue is dispositive).