**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joshua S. Walrath, Respondent,

v.

Tamara L. Walrath, Appellant.

Appellate Case No. 2019-001819

———————

Appeal From York County
Thomas Henry White, IV, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-152
Heard February 7, 2023 – Filed April 12, 2023

———————

**REMANDED**

———————

Thomas Franklin McDow, IV, and Erin K. Urquhart, both of McDow and Urquhart, LLC, of Rock Hill, for Appellant.

James Wilson Tucker, Jr., and George Edgar Anderson, V, both of McKinney Tucker & Lemel, of Rock Hill, for Respondent.

———————

**PER CURIAM:** Tamara Walrath (Mother) and Joshua Walrath (Father) are divorced. Mother received custody of their child under the parties' court-approved agreement. The parties further agreed to the terms of Father's visitation. Father filed

this action seeking to modify visitation after the parties experienced difficulties with visitation and with other matters concerning their child.

This case comes to us after the family court dismissed the case without prejudice under the 365-Day-Rule. The case had not made much forward progress. Mother and Father exchanged discovery requests, but Mother was the only party who fully responded. Father never submitted a financial declaration. Mediation was scheduled, but Father cancelled it because he could not leave his station with the United States Army to attend.

Shortly before the one-year deadline, and not long after mediation was cancelled, Mother filed a motion seeking the case's dismissal under the 365-Day-Rule. She also sought from Father the roughly $6,400 in attorney's fees she had incurred.

The family court dismissed the case without prejudice under the 365-Day-Rule. The order did not address attorney's fees. Mother asked the family court to address attorney's fees in a motion to reconsider. The family court denied the motion, reiterating dismissal based on the 365-Day-Rule. As before, there was no mention of Mother's request for attorney's fees.

We hold the family court erred by not explicitly ruling on Mother's motion for attorney's fees. When a formal request is made of the court, the court owes a substantive response. *See* Rule 26(a), SCRFC (explaining the family court shall set forth specific findings of fact and conclusions of law in its orders and judgments); Rule 41, SCRCP (explaining the court should not dismiss a case before ruling on a defendant's counterclaim unless the counterclaim can remain pending for independent adjudication); *Morris v. BB&T Corp.*, Op. No. 28131 (S.C. Sup. Ct. filed Jan. 25, 2023) (Howard Adv. Sh. No. 4 at 15) (finding the failure to provide any explanation for a decision is an abuse of discretion); *id.* at 14 ("The exercise of discretion is . . . to follow a thought process that begins with the trial court's clear understanding of the applicable law, continues with the court's sound analysis of the situation before it in light of the law, and ends with the trial court's ruling that follows the law and is supported by the facts and circumstances."); *Johnson v. Johnson*, 296 S.C. 289, 303-04, 372 S.E.2d 107, 115 (Ct. App. 1988) (finding the family court acted arbitrarily and abused its discretion by failing to give any discernible reason for refusing to award full attorney's fees). As noted above, the orders do not mention Mother's request for fees or give any reason for denying them. We accordingly remand this case to the family court for a ruling on the motion.

We wonder whether the family court's failure to explicitly mention Mother's motion is explained by the fact that the motion—at least as far as we can tell—was an unusual one. This is the first time we have seen a motion that actively seeks a case's dismissal under the 365-Day-Rule with an accompanying award of fees.

It is not clear to us that an award of attorney's fees is an appropriate companion to an administrative dismissal under the 365-Day-Rule. The rule is written as though everything in a case becomes a nullity after the case is dismissed, leaving open the idea that the case could be re-filed. *RE: Family Court Benchmark*, S.C. Sup. Ct. Order dated Aug. 27, 2014 (explaining "any existing orders in the affected case file which were not final will be considered null and void and no longer subject to enforcement" once a case is disposed of under the rule). That "open-ended" aspect of an administrative dismissal seems in tension with precedent on awarding attorney's fees. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (stating the family court should consider beneficial results when determining whether to award attorney's fees); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (stating the family court should consider beneficial results when determining a reasonable attorney's fee). An administrative dismissal is not ordinarily viewed as an adjudication on the merits. *See, e.g.*, *Jasper Cnty. Bd. of Educ. v. Jasper Cnty. Grand Jury*, 303 S.C. 49, 51-52, 398 S.E.2d 498, 499-500 (1990) (explaining a party sued by the State that wins a procedural dismissal is not entitled to attorney's fees because winning a procedural dismissal is not considered prevailing). It may be that the law required Mother to move to extend the 365-day deadline and force Father to try his case so she could prevail on the merits in order to pursue an award of attorney's fees.

Still, we understand and take seriously Mother's argument that Father brought the case, caused her to incur fees, and that denying her fees relieves Father of any consequences for abandoning the case that he started. It may be that the equities of a particular case will justify awarding fees even though the case was administratively dismissed.

We do not wish to unnecessarily add to the family court's workload, but we are convinced the proper course is to remand for the court to consider the motion in the first instance and give reasons for its decision.

**REMANDED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**