8428

LARISEY v. LARISEY.

1. DELIVERY OF A DEED to one paying the purchase money, made to another, is sufficient delivery to pass the title from grantor to such third person, although the purchaser goes into possession, pays taxes, improves it, and treats it as his own, and the grantee is not informed at the time of the transaction.

2. REAL PROPERTY—RESULTING TRUST—PAROL EVIDENCE.—THE PRESUMPTION that a resulting trust arises in favor of one who pays for land and takes the title in the name of another may be rebutted in whole or in part by parol evidence, and the intention of the purchaser may be shown by parol. Here it is held that paying for land and taking the deed in the name of another, with the intention of making a gift to the other, no resulting trust arises, although the purchaser went in possession, improved the land and claimed it as his own, and that the purchaser's deed to another carries no title, and the land passes to the purchaser for life and then to first grantee.

Before FRANK B. GARY, J., Colleton, March, 1912. Reversed.

Action by W. N. Larisey against M. L. Larisey. Plaintiff appeals.

*Messrs. Fishburne & Fishburne,* for appellants, cite: *Was a resulting trust created here?* 39 Cyc. 104, 105, 120, 160-1; 90 S. C. 522; 80 S. C. 31. *Did appellant acquire a vested*

*interest when deed was executed?* Rice Eq. 261; 83 S. C. 329; 39 Cyc. 120, 160. *Was there delivery of deed to appellant?* 44 S. C. 364; 13 Syc. 561-2; Rice Eq. 243; 13 Cyc. 567; 81 S. C. 455; 12 L. R. A. 171; 54 L. R. A. 865.

*Messrs. Padgett, Lemacks & Moorer,* contra, cite: *Title becomes complete only upon offer and acceptance of delivery:* 1 Warville on Vendors 582, 584, 588, 589, 591; 41 N. Y. 416; 44 S. C. 364; 2 Hill 411; 54 L. R. A. 865. *Is there a resulting trust?* 1 Perry on Trusts 157, 159, 191, 195; 1 Strob. Eq. 103; 1 Speer Eq. 20; 26 S. C. 231; 32 S. C. 590; 59 S. C. 283, 467; 78 S. C. 490; 56 S. C. 78; 52 S. C. 388; 27 S. C. 39; 90 S. C. 522; 26 L. R. A. (N. S.) 161. *The law as to resulting trusts:* 4 Words and Phrases 3084-5-6, 3091-2-3; 20 Cyc. 1192, 1195-6; 7 Johns N. Y. 26; 38 S. C. 173; 47 S. C. 307.

February 3, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The rights of the parties to this action, in which plaintiff sues to recover a tract of land, arise out of the following facts: On July 9, 1903, W. N. Larisey, Sr., bought and paid for the land in dispute, but took the title in the name of his nephew and namesake, W. N. Larisey, Jr. At that time, the elder Larisey was a bachelor, who thought it improbable that he would ever marry, and he had the title made to his nephew because, as he said at the time, he wanted his nephew to have his property after his death.

The title deed was delivered to W. N. Larisey, Sr., upon the execution thereof, and he had it recorded on July 13, 1903. After recording, it was returned to him, and he kept it until his death. After the purchase, he took possession of the land, returned it for taxation in his own name, paid the taxes, made permanent improvements on it, such as buildings, etc., worth something over a thousand dollars, and

used it in all respects as his own, until his death, which occurred May 26, 1910.

In the meantime, on June 5, 1907, W. N. Larisey, Sr., married the defendant, Mrs. M. L. Larisey. She furnished something over $400 of the money used in making the improvements above mentioned. It does not appear that the younger Larisey knew anything of the transaction, until a short time before the death of his uncle.

The evidence establishes the intention of W. N. Larisey, Sr., at the time of the conveyance, beyond dispute. The only living witness to the deed (the other being Mr. Larisey himself) testified to the following conversation between them on that occasion: "I said, 'Newt, you are making these papers to little Newt now. Suppose you were to make up your mind to get married, then what? This property would belong to your nephew.' 'Oh,' he said, 'I never expect to get married, but in case I should, I have the papers and can change them any time I want to with little Newt. He is named for me, and I want to leave him something.' And he also said, 'I may fail in my business, and, in that case, I would have the home. They could not touch it.'" The intention then expressed to the witness was reiterated in a letter to his nephew, dated May 4, 1910, which reads: "Dear Newt: Some years ago, before I was married, I bought the eight acres of land on which I live. I did not then think of getting married, and hence had the title made in your name instead of mine, so that the place would be yours after my death. I am now married and think that I ought to leave this place to my wife during her life, and after her death to you. This is fair, and I know you will have no objections. I have so arranged it that you will finally get the property. Please sign the enclosed deed according to the instructions enclosed, and return to me at once. I am in bed, and hence have had this letter written for me. Your prompt attention will oblige me. Your uncle, (Signed) W. N. Larisey."

When his nephew refused to execute the deed to Mrs. Larisey as requested in the letter, W. N. Larisey, Sr., executed and delivered to her his deed, which bears date May 24, 1910, two days before his death, whereby he undertook to convey to her the said premises. She claims under that deed.

The Circuit Court held that there was no delivery of the deed to W. N. Larisey, Jr.,—such as would vest the title to the property therein described in him; and, if the delivery thereof to W. N. Larisey, Sr., was sufficient for that purpose, that there was a resulting trust in favor of W. N. Larisey, Sr., and, therefore, his conveyance to the defendant gave her a good title.

At the hearing in this Court, we declined to hear argument on the question of the delivery of the deed, and of the sufficiency of the delivery thereof to vest the legal title in W. N. Larisey, Jr., the grantee therein named,—the Court being satisfied that the delivery to W. N. Larisey, Sr., was sufficient to vest the legal title in W. N. Larisey, Jr. Consideration of the printed briefs of counsel and the authorities therein cited confirms this opinion. It was only necessary for the grantor to deliver the deed to some one for the grantee to divest himself of the legal title, and his delivery thereof to W. N. Larisey, Sr., was sufficient for that purpose. In the absence of evidence to the contrary, it will be presumed that the donee of valuable unincumbered property, conveyed without condition, will accept the gift. But there is no room for the presumption in this case since the donee has not only signified his acceptance, but is actively asserting his rights under the deed, thereby ratifying the act of his uncle in having the property conveyed to him, and in accepting the deed for him.

The only other question is: Was there a resulting trust in favor of W. N. Larisey, Sr., and if so, to what extent? The general rule is that "a resulting trust arises in favor of

one who pays the purchase money of an estate and takes title in the name of another, because of the presumption that he who pays for a thing intends a beneficial interest therein for himself, but this presumption cannot arise when a contrary intent appears, since it is based on the absence of evidence of such contrary intent." *Manning* v. *Screven,* 56 S. C. 83, 34 S. E. 22. The trust arises upon the presumed intention of him who pays the purchase money. The presumption, however, may not be in accord with the truth. In other words, the intention which is presumed may not be the actual intention. It follows that the presumption may be rebutted, and the actual intention shown by parol evidence. Otherwise, every gift made by paying for land and having the title made in the name of the donee would result in a trust in favor of the donor contrary to his actual intention at the time. 39 Cyc. 160. It follows logically that if the presumption may be wholly rebutted by parol evidence, it may be strengthened by such evidence, or it may be rebutted only in part, that is, the trust may be determined by such evidence according to the actual intent of him who pays the purchase money at the time of the transaction, and limited, according to his intention at that time, either to a part of the property conveyed by the deed, or to a particular estate therein. 30 Cyc. 105; *Cook* v. *Patrick,* 135 Ill. 499, 26 N. E. 658, 11 L. R. A. 573. But the trust must be coequal with the deed and cannot arise from subsequent transactions, change of circumstances, or intention. It arises at the time of making the purchase, or not at all. *Surasky* v. *Weintraub,* 90 S. C. 532-3, and cases cited.

The evidence establishes beyond controversy, that the intention of W. N. Larisey, Sr., at the time of the purchase, was that he should have the use of the property during his life, and at his death, it would go to his nephew, the plaintiff herein. It follows that the plaintiff is entitled to recover the land in dispute.

Judgment reversed.