16276

LEGENDRE *ET AL.* v. SOUTH CAROLINA TAX COMMISSION

(56 S. E. (2d) 336)

*Messrs. Buist & Buist,* of Charleston, *for Appellants,*

*Messrs. John M. Daniel, Attorney General,* and *Claude K. Wingate, Asst. Attorney General,* of Columbia, *for Respondent,*

November 7, 1949.

OXNER, Justice.

This is an appeal from an inheritance tax assessment. The question presented is whether, for the purpose of assessing the South Carolina inheritance tax, the value of an undivided one-half interest in 2157 acres of land in Berkeley County, known as Medway Plantation, should be included as a part of the gross estate of the decedent, Sidney S. Legendre. Exclusive of any interest in this plantation, the gross value of the estate was fixed at the sum of $817,-326.04. The South Carolina Tax Commission added to this amount the sum of $86,535.00, representing one-half the value of Medway Plantation, thereby increasing the gross value of the estate to $903,861.04.. This addition resulted in an increase of $5,132.10 in the inheritance tax assessed against the widow, Mrs. Gertrude S. Legendre, to whom any interest which the decedent had in Medway Plantation would have passed under the terms of the residuary clause of his will. Appellants contend that the decedent had no beneficial interest in this property and, therefore, the Tax Commission erred in making the addition above mentioned to the value of his gross estate.

During the early part of 1930, shortly after Mr. and Mrs. Legendre were married, they became interested in buying Medway Plantation. Neither was in a financial position to do so. She suggested to her father, who was a man of considerable means, that he should purchase the property for her. In response to this suggestion, her father made her

a gift of $100,000.00 to be used in buying the property. On June 19, 1930, deed was executed which conveyed the property to "Sidney J. Legendre and Gertrude S. Legendre, their heirs and assigns forever." After making some repairs which were paid for by Mrs. Legendre, the couple moved to this plantation where they made their home until the death of Mr. Legendre on March 8, 1948. In the affidavit filed with the Tax Commission, Mrs. Legendre stated:

"The title to the property was taken in the names of both my husband and me, but this was done solely because we expected to make it our home, and it seemed to be better to have the property in both names. As between my husband and me, the property was always regarded as being mine. I paid for all repairs and upkeep, and I paid taxes on the property. I was then, and now am, the beneficiary of certain trust funds from which I draw substantial income, and it was this income that I was able to use for the purposes above set out."

Under the conveyance to Mr. and Mrs. Legendre, they became tenants in common and each acquired an undivided one-half interest in this plantation. Her claim that her husband had no beneficial interest in the property is based on the fact that it was purchased and kept in repair with her funds. The theory is that of resulting trust." The general rule is that when real estate is conveyed to one person and the consideration paid by another, it is presumed that the party who pays the purchase money intended a benefit to himself, and accordingly a resulting trust is raised in his behalf. *Elrod v. Cochran,* 59 S. C. 467, 38 S. E. 122; *Dumas v. Carroll et al.,* 112 S. C. 284, 99 S. E. 801. The presumption, however, may not be in accord with the truth. It may be rebutted and the actual intention shown by parol evidence. *Larisey v. Larisey,* 93 S. C. 450, 77 S. E. 129. But when the conveyance is taken to a wife or child, or to any other person for whom the purchaser is under legal obligation to provide, no such presumption attaches. On the contrary, the presumption in

such case is that the purchase was designed as a gift or advancement to the person to whom the conveyance is made. This presumption, however, is one of fact and not of law and may be rebutted by parol evidence or circumstances showing a contrary intention." *Caulk v. Caulk*, 211 S. C. 57, 43 S. E. (2d) 600, 603. In 26 Am. Jur., Husband and Wife, Section 103, it is said: "There is a conflict of authority as to whether a trust or presumption of trust in favor of a wife, or a gift or presumption of gift to her husband, exists where property is taken in his name on a consideration from her. Unquestionably, if a payment by a wife is made with the intention of making a gift to her husband, no trust in her favor will arise  *  *  *."

We pass over without deciding the question of whether a presumption of resulting trust arises from the fact that the consideration for a conveyance taken in the name of the husband is furnished by his wife. In the instant case, any such presumtpion would not be in accord with the facts which unmistakably show that Mrs. Legendre intended to make a gift of an undivided one-half interest in this plantation to her husband. A gift from wife to husband may be inferred from circumstances and the marriage relationship is a factor of importance to be considered. *Simmons v. Stevens et al.,* 118 S. C. 342, 110 S. E. 798. Mrs. Legendre's father was a man of substantial means. The gift he. made to his daughter for the purpose of providing a home for her and her husband cannot be said to be an improvident one. Title to the property was taken in the name of both because, as she stated, "we expected to make it our home and it seemed to be better to have the property in both names." These reasons indicate a gift was intended. In Restatement of the Law of Trusts, American Law Institute, Comment (e) on Section 441 is as follows: "The fact that the payor takes title to property in the name of himself and another jointly is an indication of an intention of the payor to make a beneficial gift of an undivided interest in the property to the other person; and

in the absence of evidence of a different intention of the payor, the other person does not hold his interest upon a resulting trust for the payor. This is true whether the transfer was made to the payor and the other person as joint tenants or as tenants in common."

Mrs. Legendre voluntarily directed that the conveyance be made to both her and her husband. There is nothing to show that he had any part in this decision. No suggestion is made of coercion or undue influence by him. We, therefore, have no occasion to consider the rule which requires a Court of Equity to closely scrutinize a gift made by a wife to her husband. The gift here was freely made by a devoted wife to a devoted husband. Although they thereafter lived happily together on this plantation for approximately eighteen years, there is nothing in the record to show that during this period she ever made any effort to secure a deed to her husband's half interest. Obviously, she never regretted the generous token of affection which she bestowed upon him. Her statement that she always regarded the property as hers is a mere conclusion. She does not assert that there was ever any agreement between her and her husband to that effect. We have not overlooked the fact that she paid the taxes and the costs of keeping the property in repair, but this is wholly insufficient to overcome the clear intention to make a gift shown by the other circumstances. Moreover, it does not appear what income, if any, was deried from this plantation or the use made of it.

No inflexible rule can be laid down in determining the question of gift in cases of this kind. Much depends on the particular facts of each case. We must bear in mind that here the question arises on the assessment of inheritance taxes and not in a contest between the parties or those claiming under them.

All exceptions are overruled and the assessment made by the Tax Commission is affirmed.

BAKER, C. J., FISHBURNE, STUKES and TAYLOR, JJ., concur.