In re Henry W. THAMES, Jr. and Janet D. Thames, d/b/a The Flower Shop, Debtors.

Kevin CAMPBELL, Trustee, Plaintiff,

v.

Janet D. THAMES and Henry W. Thames, Jr., Defendants.

Bankruptcy No. 80–01082.
Complaint No. 81–0164.

United States Bankruptcy Court,
D. South Carolina.

Nov. 2, 1981.

Ackerman, Woodard & Campbell, Walterboro, S. C., for plaintiff.

Harvey, Battey & Bethea, P. A., Beaufort, S. C., for defendants.

J. BRATTON DAVIS, Bankruptcy Judge.

The plaintiff, as trustee in bankruptcy, asks this court to set aside a transfer of a one-half undivided interest in real property by the debtor H. William Thames, Jr., to his wife, Janet D. Thames (both debtors herein), on the ground that it was a fraudulent transfer under 11 U.S.C. § 548(a)(2) of the Bankruptcy Code because it was made without adequate consideration while Mr. Thames was insolvent. The plaintiff also asks this court to deny Mrs. Thames' claim of exemption in the transferred property.[1] The defendants request that the complaint be dismissed. The plaintiff has moved for summary judgment.

For the reason that no money or other consideration was given by Mrs. Thames for the transfer, the trustee contends that, regardless of the intent of the defendants in making the transfer, it is fraudulent under § 548 which provides, in pertinent part:

"(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

\* \* \* \* \* \*

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

1. In their joint petition, both defendants claimed their homestead exemption pursuant to 11 U.S.C. § 522(d)(1) and (m) which provide: "(d) The following property may be exempted under subsection (b)(1) of this section: (1) The

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; \* \* \*."

The defendants argue that because, at the time of the transfer, Mrs. Thames equitably owned the property interest no consideration for the transfer was required.

## FINDINGS OF FACT

1. H. William Thames, Jr. and Janet D. Thames, the debtors-defendants herein, have been married for approximately twenty years.

2. On February 21, 1975, the defendants jointly purchased, for use as their residence, a house and four lots in Beaufort County, South Carolina, financing the purchase by note and mortgage. They intended to have the property jointly owned, i.e., jointly titled.

3. While all previous residences owned by them were titled in both defendants, the new residence, through error and without their desire, was titled only in the name of Mr. Thames.

4. The defendants, shortly after February 21, 1975, sold the house in which they had been living and which they owned as tenants in common, and applied a portion of the proceeds to improving their new residence.

5. The mortgage payments on the new residence were paid partially out of a joint checking account of the defendants, and partially by a flower business operated by Mrs. Thames.

6. The greater part of the defendants' income during their marriage has been earned by Mrs. Thames.

7. The defendants became aware of the titling error in November 1980 when, as a

debtor's aggregate interest, not to exceed $7,500 in value, in real property \* \* \* the debtor \* \* \* uses as a residence \* \* \*. (m) This section shall apply separately with respect to each debtor in a joint case."

result of financial difficulties, they consulted an attorney concerning the filing of a bankruptcy case.

8. Pursuant to the advice of counsel, Mr. Thames, on November 21, 1980, conveyed an undivided one-half (½) interest in the residence to Mrs. Thames by deed which recited, as consideration for the transfer, a sum representing: (a) Mrs. Thames' one-half of the mortgage payments paid against the principal balance of the outstanding loan secured by their residence, and (b) Mrs. Thames' promise to assume one-half of the said loan obligation on which she already was obligated as an original promisor. The mortgage shows that she and her husband were the original mortgagors.

9. At the time of the November 21, 1980 transfer, Mr. Thames was insolvent.

10. On December 18, 1980 the defendants voluntarily filed a joint petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 701 et seq.). In the petition, both Mr. and Mrs. Thames claimed (under 11 U.S.C. § 522(d)(1)) an exemption in their respective interests in the property.

11. The transfer was within one year before the filing of the petition for relief.

12. Kevin Campbell is the duly appointed trustee of the debtors' estate.

## CONCLUSIONS OF LAW

■ 1. A transfer by a debtor may be avoided by the trustee under § 548(a)(2) if (1) the transfer was made with intent to hinder, delay, or defraud, or (2) the debtor-transferor was insolvent on the date of the transfer and received less than a "reasonably equivalent value" in exchange for the interest transferred. As the party asserting that the transfer is fraudulent, the trustee has the burden of proving the above elements. *In re J. K. Chemicals, Inc.*, 7 B.R. 897 (Bkrtcy.D.R.I.1981); 4 *Collier on Bankruptcy* ¶ 548.10[1] at 548–106 (15th ed. 1979).

■ The transfer to Mrs. Thames may not be avoided because: first, the trustee has not produced any convincing evidence that the transfer was made with intent to

hinder, delay or defraud any entity especially since the original titling of the residence in Mr. Thames' name alone seems to have been contrary to the express intentions of Mr. and Mrs. Thames; second, even though Mr. Thames was insolvent at the time of the transfer of the undivided one-half interest in the residence to Mrs. Thames, the trustee has not shown that the transfer was without "reasonably equivalent value" because, at the time of the transfer, Mrs. Thames was already the equitable owner of the interest transferred.

"The general rule is that when real estate is conveyed to one person and the consideration paid by another, it is presumed that the party who pays the purchase money intended a benefit to himself, and accordingly a resulting trust is raised in his behalf. * * * But when the conveyance is taken to a wife or child, or to any other person for whom the purchaser is under legal obligation to provide, no such presumption attaches. On the contrary, the presumption in such case is that the purchase was designed as a gift or advancement to the person to whom the conveyance is made. This presumption, however, is one of fact and not of law and may be rebutted by parol evidence or circumstances showing a contrary intention." *Caulk v. Caulk*, 211 S.C. 57, 43 S.E.2d 600, 603 (1947); *Green v. Green*, 237 S.C. 424, 117 S.E.2d 583 (1960); *Legendre, et al. v. South Carolina Tax Commission*, 215 S.C. 514, 56 S.E.2d 336 (1949); *Bates v. Bates, et al.* 213 S.C. 26, 48 S.E.2d 612 (1948).

■ In the instant case, the defendants' evidence of their co-ownership of previous residences and the defendants' intention that the residence be jointly titled in their names is sufficient to rebut the presumption of a gift, especially, since that presumption arose because of the titling error of a third party. The rebuttal of the state law presumption of a gift—coupled with Mrs. Thames' payment of part of the purchase price for the residence and her contribution to the making of the mortgage payments—makes her, by way of a result-

ing trust, the equitable owner of an undivided one-half interest in the residence.

 Mrs. Thames' payment of part of the purchase price and her contribution to the making of the mortgage payments also entitle her to equitable ownership of an undivided one-half interest in the residence on the basis of a constructive trust. In South Carolina,

"[a] constructive trust will arise whenever the circumstances under which property was acquired make it inequitable that it should be retained by him who holds the legal title, as against another, provided some confidential relation exists between the two, and provided the raising of a trust is necessary to prevent a failure of justice. So, as has been said, the forms and varieties of constructive trusts are practically without limit, such trusts being raised, broadly speaking, whenever necessary to prevent injustice." *Dominick v. Rhodes*, 202 S.C. 139, 24 S.E.2d 168, 172–173 (1943).

In the *Bank of Williston v. Alderman*, 106 S.C. 386, 91 S.E. 296 (1917), the South Carolina Supreme Court held that in order to prevent injustice a mistake, resulting in an inequity, was a sufficient ground for imposing a constructive trust.

The scope of a constructive trust, as defined in *Dominick* and *Bank of Williston*, is broad enough to give Mrs. Thames an equitable ownership of an undivided one-half interest in the residence.

 Thus, it makes no difference here whether we have a resulting trust or a constructive trust, Mrs. Thames has been the beneficial, or equitable, owner of at least an undivided one-half interest in the residence since it was acquired in February 1975 and the transfer from her husband to her is not invalid for lack of consideration.

 When real property is transferred by the record owner to the equitable owner thereof and the transferor has received at least a reasonably equivalent value, the transfer is not made without consideration. *See, Matter of Hulk*, 8 B.R. 444, (Bkrtcy.D. Conn.1981); and *Luper v. Ruhl*, 148 F.Supp. 888 (S.D.Ohio 1956).

**ORDER**

Therefore, IT IS ORDERED, ADJUDGED AND DECREED.

1. That the plaintiff's motion for summary judgment be, and it hereby is, denied;

2. That judgment be entered for the defendants.

3. That the complaint be dismissed with prejudice.