547 S.E.2d 877

**Ann B. BOWEN, Respondent,**

v.

**Richard W. BOWEN, Appellant.**

**No. 3330.**

Court of Appeals of South Carolina.

Heard Nov. 7, 2000.

Decided April 16, 2001.

Rehearing Denied July 2, 2001.

244

Morris D. Rosen and Donald B. Clark, both of Rosen, Goodstein & Hagood, of Charleston, for appellant.

Peter L. Fuge, of Beaufort, for respondent.

STILWELL, Judge:

In this declaratory judgment action, Ann B. Bowen (Wife) asked the circuit court to declare her the owner of an undivided one-half interest in four parcels of real estate or the proceeds resulting from their sale. Richard W. Bowen (Husband) appeals the order of the trial court granting Wife's requested relief and denying Husband a resulting trust over the property or the proceeds thereof. We affirm.

## BACKGROUND

The parties were married in May 1985. Prior to their marriage, they entered into an extensive antenuptial agreement in an attempt to predetermine the financial consequences of any later separation, divorce, or death, and basically preserve each party's separate property. Insofar as this action is concerned, the most pertinent language is contained in paragraphs three through six of their agreement, the relevant parts of which read as follows:

3. All property owned or income earned or accumulated by either of the parties at the time of their marriage or which the parties may acquire, earn or accumulate hereafter, or during their marriage, from any source whatever shall be the separate property of the respective party now owning, earning, accumulating or hereafter acquiring such property, free and clear of any rights, interest, claims or demands of the other....

5. [E]ach party specifically waives any and all right of [sic] claim that such party may at any time have to take any share of the property of the other party under any circumstances whatsoever, with the same force and effect as though single persons before any marriage.

During the marriage, Husband purchased four parcels of real estate, admittedly using nonmarital funds. At Husband's direction, all four lots were titled in the names of Richard W. Bowen and Ann B. Bowen. Two of the deeds granted title to the Bowens as joint tenants with right of survivorship, and the two remaining deeds titled the property to the Bowens "as tenants by the entirety, with the right of survivorship."

In July 1992, Wife commenced an action against Husband seeking, among other things, a divorce and equitable apportionment of marital property. In a September 1994 order, the family court determined the agreement was enforceable and, applying the plain language of the agreement, found the four parcels of property in dispute were nonmarital in nature. Nevertheless, the family court determined Wife owned a one-half interest in the properties.

On appeal, this court vacated the family court's determination as to the parties' respective interests in the disputed properties, holding:

Once the family court determined the properties were non-marital, it had no jurisdiction to address their ownership or deal with them in any way. *See* S.C.Code Ann. § 20–7–473 (Supp.1996) ("The [family] court does not have jurisdiction or authority to apportion nonmarital property."). The parties' respective interests in the real estate in question must be handled as if the parties were not married. Therefore, that determination must be left for another day.

*Bowen v. Bowen,* 327 S.C. 561, 566, 490 S.E.2d 271, 273 (Ct.App.1997).

Thereafter, Wife filed this declaratory judgment action. Husband answered and counterclaimed, denying any intention to make a gift to Wife by jointly titling the property and essentially arguing that the facts and circumstances of the transactions created a resulting trust entitling Husband to ownership of all the properties or the proceeds from their sale.

In a March 1999 order, the trial court found Wife was entitled to a one-half interest in the net proceeds from the four disputed properties.[1] In so finding, the trial court reasoned that while Husband purchased the properties with nonmarital funds, he made a gift to Wife of one-half interest in the properties. The parties' agreement did not alter this result, the court reasoned, since "[n]othing in the antenuptial agreement prevent[ed] [Husband] from being more generous than he contracted to be."

Husband moved to alter or amend the judgment, arguing the trial court failed to make an express finding on the issue of whether "the prenuptial agreement operated to reverse the usual presumption of a gift where a husband supplies all the consideration but causes real estate being acquired to be titled jointly between himself and his wife, the theory being that the Defendant had no duty to support the Plaintiff outside of the contractual obligation set forth in the prenuptial agreement and such finding should be made."

In the order on reconsideration, the trial court found as follows:

I did not expressly make the suggested finding. I do not believe the suggested finding is necessary in order for the findings I made to support the conclusions I reached, but I, upon reconsideration find that, if it is necessary for me to expressly deal with the presumption, I find the testimony supports my conclusion of a gift in that I find the credible evidence overcomes any such presumption.[2]

## STANDARD OF REVIEW

 "A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Felts v. Richland County*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). This action was commenced to determine the parties' respective rights in certain real property in view of their antenuptial agreement. In the final analysis,

---

1. All four of the properties in dispute have been sold, and the funds are being held in escrow.

2. We note that given the nature of the judge's discussion of the presumption in the order on reconsideration, it is not clear whether he applied the presumption of a gift between spouses in reaching his initial decision.

therefore, this is an action to interpret the parties' written agreement, or contract, and when a contract is clear and unambiguous, the construction thereof is a question of law for the court. *Pearson v. Church of God,* 325 S.C. 45, 53–54, 478 S.E.2d 849, 853 (1996); *Moser v. Gosnell,* 334 S.C. 425, 430, 513 S.E.2d 123, 125 (Ct.App.1999). When construing a contract's terms, the foremost rule is that the court must give effect to the intentions of the parties by examining the language of the contract. *Moser,* 334 S.C. at 430, 513 S.E.2d at 125 (stating that if the language is clear, explicit, and unambiguous, the language alone determines the contract's force and effect, and the court must construe it according to its plain, ordinary, and popular meaning).

## DISCUSSION

On appeal, Husband contends that although the disputed properties were titled in both parties' names, he furnished all the consideration for their purchase and did not intend to make a gift of the properties to Wife; therefore, the trial court erred in not imposing a resulting trust on the properties in question. Moreover, Husband asserts that the usual presumption of a gift from one spouse to another does not apply when the parties have entered into a valid antenuptial agreement, whereby they expressly waive any claims or demands on the other's property and agree to be treated in the eyes of the law as though they were unmarried people.

The principles of a resulting trust are set forth in *Hayne Federal Credit Union v. Bailey:*

Equity devised the theory of resulting trust to effectuate the intent of the parties in certain situations where one party pays for property, in whole or in part, that for a different reason is titled in the name of another. *McDowell v. South Carolina Dep't of Social Servs.,* 296 S.C. 89, 370 S.E.2d 878 (Ct.App.1987). The general rule is that when real estate is conveyed to one person and the consideration paid by another, it is presumed that the party who pays the purchase money intended a benefit to himself, and accordingly a resulting trust is raised in his behalf. *Caulk v. Caulk,* 211 S.C. 57, 43 S.E.2d 600 (1947). The presumption, however, may not be in accord with the truth. It may be rebutted and the actual intention shown by parol evidence. *Larisey v. Larisey,* 93 S.C. 450, 77 S.E. 129 (1913).

327 S.C. 242, 248–49, 489 S.E.2d 472, 475 (1997). *See also Donnan v. Mariner,* 339 S.C. 621, 628, 529 S.E.2d 754, 758 (Ct.App.2000).

However, the *Hayne* court also addressed another presumption that arises in such situations and rebuts the presumption of a resulting trust, explaining:

> But when the conveyance is taken to a spouse or child, or to any other person for whom the purchaser is under legal obligation to provide, no such presumption attaches. On the contrary, the presumption in such a case is that the purchase was designated as a gift or advancement to the person to whom the conveyance is made. *Lollis v. Lollis,* 291 S.C. 525, 354 S.E.2d 559 (1987). This presumption, however, is one of fact and not of law and may be rebutted by parol evidence or circumstances showing a contrary intention. *Legendre v. South Carolina Tax Comm'n,* 215 S.C. 514, 56 S.E.2d 336 (1949).

327 S.C. at 249, 489 S.E.2d at 475–76. *See also Donnan,* 339 S.C. at 628, 529 S.E.2d at 758.

Thus, in situations in which there is no clear understanding between the parties as to the ownership of conveyed property, two competing legal presumptions generally arise, the presumption of a resulting trust and the presumption of a gift between spouses.

However, in the case at hand, the parties did have a clear understanding as to their respective rights involving property acquired by each during the marriage. The parties' agreement expressly provides in paragraph three that "[a]ll property owned ... by either of the parties at the time of their marriage or which the parties may acquire ... hereafter, or during their marriage, from any source whatever shall be the separate property of the respective party now owning ... or hereafter acquiring such property, free and clear of any rights, interest, claims or demands of the other...."

Therefore, Wife expressly waived any right she may have had to rely on the presumption of a gift normally applicable between spouses, and to the extent the trial court can be deemed to have employed this presumption in reaching its decision, that reliance was misplaced. However, just as Wife would be unable to rely on the gift between spouses presump-

tion to support her claim, Husband cannot rely on a resulting trust presumption to bolster his own argument. In short, since the parties executed an antenuptial agreement to express their intent regarding rights in property acquired by each during the marriage, there is no need to employ either presumption in this case.

Since neither presumption applies and the parties' agreement controls, we must examine the plain language of the agreement to give effect to the intention of the parties. The agreement clearly and unambiguously states that property acquired by a party during the marriage remains that party's separate property. Therefore, since Wife acquired a one-half interest in the four disputed properties during the marriage, that one-half interest remains her separate property.

Husband also contends that the trial court erred in finding he intended to make a gift to Wife of an undivided one-half interest in the disputed properties. While there is sufficient evidence in the record to sustain such a factual finding, under our view of the impact of the parties' agreement, it is not necessary for us to address this issue. We therefore affirm the finding that Wife owns a one-half interest in the proceeds from the properties, and the order on appeal is

**AFFIRMED.**

HEARN, C.J., and ANDERSON, J., concur.