THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ann B. Bowen, Respondent,
v.
Richard W. Bowen, Appellant.
 
 
 

Appeal From Beaufort County
 Thomas Kemmerlin, Circuit Court Judge

Unpublished Opinion No. 2005-UP-303
Heard March 9, 2005  Filed May 5, 2005

AFFIRMED

 
 
 
Donald B. Clark, and, Morris D. Rosen, both of Charleston, for Appellant.
Peter L. Fuge, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Richard W. Bowen (Husband) appeals the circuit courts inclusion of post-judgment interest in its determination of the amount Husband owed to Ann B. Bowen (Wife) for the sale of four jointly-titled properties.  The circuit court enforced its previous order, awarding Wife a one-half interest in the proceeds from the sale plus post-judgment interest.  We affirm. 
FACTS
The parties married in 1985.  Prior to the marriage, the parties entered into an antenuptial agreement.  The agreement provided that all property owned prior to or accumulated during the marriage would remain each partys separate, non-marital property.  During the marriage, Husband acquired four parcels of property and titled each parcel in the names of Husband and Wife.  In 1992, Wife commenced a divorce action against Husband and sought equitable distribution of the four jointly titled parcels.  The family court, pursuant to the antenuptial agreement, found the properties were non-marital in nature, but awarded each an undivided one-half interest in the properties.  
On appeal, this court vacated the portion of the family courts order addressing the parties interests in the four parcels of property, holding the family court lacks jurisdiction to determine ownership of non-marital property.  Bowen v. Bowen, 327 S.C. 561, 566, 490 S.E.2d 271, 273 (Ct. App. 1997).  Thereafter, Wife filed a declaratory judgment action.  By order dated March 19, 1999, the circuit court found Husband gifted Wife an undivided one-half interest in the four parcels of property.  Because the properties were sold during the pendency of the appeal and all funds were held in escrow, the circuit court awarded Wife one-half of the proceeds from the sale.  Accordingly, the circuit court ruled that [Wife] is entitled to immediate payment of the same [proceeds] plus interest at the legal rate accruing from the date of each deed and ordered that Each party owing money to the other shall pay to such other 8 3/4 % interest on such money from the time the other was entitled to it until it is paid.  
Husband appealed arguing he did not intend to make a gift of the properties to Wife and the usual presumption of a gift from a husband to a wife did not apply when the parties had entered into a valid antenuptial agreement.  Thus, he argued the circuit court should have imposed a resulting trust on the proceeds from the sale.  Bowen v. Bowen, 345 S.C. 243, 249, 547 S.E.2d 877, 880 (Ct. App. 2001).  We disagreed and affirmed the circuit courts order.  Id. at 251, 547 S.E.2d at 881.  Subsequently, Husband appealed to the supreme court which held: the Court of Appeals properly affirmed the Masters findings that Wife owned an undivided one-half interest in the four properties.  Bowen v. Bowen, 352 S.C. 494, 556, 575 S.E.2d 553, 556 (2003).  The supreme court then sent the remittitur to the circuit court.  
Thereafter, Wife filed a rule to show cause for contempt and requested that the court calculate all sums due her plus interest and order Husband to pay such sums immediately.  The circuit court calculated the total Husband owed to Wife, including interest, and ordered Husband to pay.  This appeal followed.  
LAW/ANALYSIS
Husband argues the circuit court erred by including post-judgment interest in its calculation of the total amount Husband owed to Wife.  We disagree.
A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case.  Austin v. Specialty Transp. Servs., 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct. App. 2004).  It is a fundamental rule of law that an appellate court will affirm a ruling by a trial court if the offended party does not challenge that ruling.  Biales v. Young, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993).  Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal.  Id. at 168, 432 S.E.2d at 484. 
Pursuant to the order dated March 19, 1999, in calculating the total sum Husband owed to Wife from the sale of the four properties, the circuit court included interest at the rate of 8 3/4 %.  Husband contends Wife had no right to interest because funds held in escrow do not constitute a money judgment that accrues interest pursuant to Section 34-31-20 of the South Carolina Code (Supp. 2004).  However, Husband did not raise this issue when he appealed the circuit courts March 19, 1999 judgment.  Our supreme court affirmed the circuit courts order including the award of interest in Bowen v. Bowen, 352 S.C. 494, 556, 575 S.E.2d 553, 556 (2003) and sent a remittitur to the circuit court.  Therefore, the circuit courts award of interest stands as the law of the case and presents no issue for determination on appeal.  Accordingly, the circuit courts order is 
AFFIRMED.  
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.