THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michelle Oaklan, Respondent,
v.
John Oaklan, Appellant.
 
 
 

Appeal From Beaufort County
Jane D. Fender, Family Court Judge

Unpublished Opinion No. 2006-UP-119
Submitted February 1, 2006  Filed February 24, 2006

AFFIRMED

 
 
 
Jack D. Simrill, of Hilton Head Island, for Appellant.
Frank H. Clabaugh, of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM:  John Oaklan (Husband) appeals a family court order denying his motion to vacate an arbitration award.  We affirm.[1]
FACTS
Michelle Oaklan (Wife) and Husband were married in 1998.  No children were born of the marriage.  The parties separated in 2002, and Wife filed an action against Husband seeking, inter alia, equitable distribution.  By order dated February 27, 2003, the family court required Husband to vacate the marital residence, ordered Wife to pay costs associated with the residence, and restrained the parties from depleting marital assets or incurring marital debt.  During the pendency of the action, Wife refinanced the house with an equity line of credit and extended the mortgage term from fifteen to thirty years.  She alleged she used a portion of the proceeds to reduce the parties credit card debt.  
The parties agreed to submit the issue of equitable distribution to final and binding arbitration.  The arbitrator found that both parties contributed to the marital estate, each contributed to the breakup of the marriage, and neither was entitled to alimony.  The arbitrator concluded the marital assets included the marital residence, which had an equity of approximately $32,000 after subtracting the balance of the line of credit from the appraised value.  The arbitrator determined that expenses incurred by Wife during the separation were marital in nature and ordered Husband to pay one-half of them.  The arbitrator awarded a 50/50 equitable distribution.  Because Wife desired to purchase Husbands share of the marital residence, the arbitrator ordered Wife to pay Husband $6,535.08 and ordered Husband to execute the necessary documents to consummate the transaction.  
The family court adopted the arbitration decision and granted the parties a divorce.  Husband thereafter moved to vacate the arbitration award arguing, inter alia, the equity line of credit Wife incurred during the separation violated the family courts order forbidding the parties from incurring marital debt during the pendency of the action.  Wife moved to dismiss Husbands appeal.  
The family court held a hearing on Husbands motion and found the parties agreed to arbitration and all issues raised by Husband were before the arbitrator.  The court found the arbitration was final and binding, denied Husbands motion to vacate, and granted Wifes motion to dismiss.  
LAW/ANALYSIS
Husband argues the family court lacked subject matter jurisdiction over the equity line of credit because it was nonmarital.  We disagree.  
The determination of whether a debt is marital in nature is a factual issue and marital debt, like marital assets, must be specifically identified and apportioned in equitable distribution.  Wooten v. Wooten, 364 S.C. 532, 546-47, 615 S.E.2d 98, 105-06 (2005).  When a debt is incurred after the initiation of marital litigation, it may be considered marital in nature and apportioned accordingly if it was incurred for marital purposes.  Id.  Thus, whether jurisdiction exists depends on the factual determination of the credit line as marital or nonmarital.  Bowen v. Bowen, 345 S.C. 243, 247, 547 S.E.2d 877, 879 (Ct. App. 2001) (stating family court has jurisdiction to determine if property is nonmarital; once it determines it nonmarital, there is no continuing jurisdiction over said property).
Wife alleged she used the proceeds of the equity line of credit to reduce marital credit card debt when she refinanced the marital residence during the pendency of the action.  She asserts the net effect of refinancing was that marital debt and assets remained the same.  Both parties submitted all pertinent materials to the arbitrator including information about the refinance.  The arbitrator circulated a proposed order.  Husband challenged that portion of the arbitrators order.  The arbitrator acknowledged Husbands arguments and concluded the credit line was a marital debt.  We find no error.
In the alternative, Husband argues the family court erred in refusing to set aside the arbitration award due to the arbitrators treatment of the equity line of credit.[2]  We disagree. 
Arbitration agreements in South Carolina are governed by the Uniform Arbitration Act, S.C. Code Ann. § 15-48-10 through -240 (2005).  The Arbitration Act provides that a written agreement to submit any existing controversy to arbitration . . . is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.  S.C. Code Ann. § 15-48-10(a) (2005). 
This court has found the Arbitration Act applies to agreements to arbitrate equitable apportionment claims.  Swentor v. Swentor, 336 S.C. 472, 477-78, 520 S.E.2d 330, 333 (Ct. App. 1999).  
In this case, as in Swentor, the parties agreed to submit equitable distribution issues to arbitration.  The family courts ordinary power to approve settlement agreements after a review for fairness does not exist where the parties agree to binding arbitration.  Id. at 482, 520 S.E.2d at 336.  To allow a family court judge to set aside an arbitration award because the judge found the award to be unfair would severely undermine the finality of arbitration agreements.  Id. at 483, 520 S.E.2d at 336.
The family court may vacate an arbitration award only upon one of the statutory grounds set forth
in South Carolina Code section 15-48-130,[3] or for manifest disregard or perverse misconstruction of the law.  Lauro v. Visnapuu, 351 S.C. 507, 516, 570 S.E.2d 551, 556 (Ct. App. 2002).  We find no such grounds present in this case.
AFFIRMED. 
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]        We consolidate Husbands remaining issues on appeal.
[3]        a)  Upon application of a party, the court shall vacate an award where:

 (1)  The award was procured by corruption, fraud or other undue means;
 (2)  There was evident partiality by an arbitrator . . . ;
 (3)  The arbitrators exceeded their powers;
 (4)  The arbitrators refused to postpone the hearing . . . as to prejudice substantially the rights of a party; or
 (5)  There was no arbitration agreement . . . .

S.C. Code Ann. § 15-48-130 (2005).