DAMOORGIAN, J.
 

 Sharyn Turchin appeals from the trial court’s order granting final summary judgment. We write only to address whether the trial court erred in failing to apply a gift presumption when the property was acquired by Leslie Turchin and Sharyn Turchin, as husband and wife. We find no merit to the other issues raised.
 

 Sharyn and Leslie Turchin married in 1987. In order to protect their premarital assets, both parties entered into an ante-nuptial agreement. During the course of the marriage, Leslie Turchin acquired two residences identified as the Coconut Isle and Aqua Vista properties. He acquired each property with his premarital assets and took title to each in his and his wife’s name. Both properties were subsequently sold during the marriage. The proceeds from the sale of the Coconut Isle property were deposited in the parties’ joint checking account. Thereafter, the husband withdrew most of the funds in order to satisfy his personal obligations with the balance of the withdrawn funds being deposited in the husband’s individual bank account. As part of the purchase price of the Aqua Vista property, the buyers executed a mortgage in favor of both the husband and wife. In January of 2006, Leslie Turchin died testate. The Leslie Turchin Trust directed, among other
 
 *1044
 
 things, that the remaining balance on the Aqua Vista mortgage be forgiven.
 

 Approximately six months later, Shaiyn Turchin filed a claim against the Estate of Leslie S. Turchin seeking all of the proceeds from the sale of the Coconut Isle property and all gains realized from the reinvestment of those proceeds. In her complaint, she asserted that she was entitled to the proceeds of the sale of the property because the property was titled in both names and, therefore, there was a presumption that her husband intended to gift the property to her. Accordingly, she argued that she was entitled to the proceeds of the sale notwithstanding the fact that most of the proceeds were used by the husband or deposited in his individual account. With respect to the Aqua Vista property, Sharyn Turchin commenced a foreclosure proceeding against the mortgagors, demanding immediate payment of the mortgage. Although the Trust provided that the mortgage was forgiven, the mortgagors paid the balance with a reservation of rights. The Estate then counterclaimed, seeking declaratory relief with respect to the Aqua Vista mortgage and to impose a constructive trust over the balance paid.
 

 Both parties moved for summary judgment in connection with the proceeds from the sale of the Coconut Isle property and the right to the proceeds from the satisfaction of the Aqua Vista mortgage. After a hearing on the motions, the trial court held that Shaiyn Turchin, under the terms of the antenuptial agreement, was entitled to only one-half of the proceeds from the sale of the Coconut Isle property that were left in the parties’ joint account. With respect to the proceeds from the satisfaction of the Aqua Vista mortgage, the trial court, again relying upon the terms of the antenuptial agreement, ruled that she had no right to or interest in the proceeds.
 

 Sharyn Turchin now appeals, arguing, among other things, that the trial court erred in failing to apply a gift presumption when the properties were jointly titled in the names of husband and wife. Although Sharyn Turchin is correct that a gift is presumed under Florida law when property is purchased by one spouse but placed in both names, this presumption does not apply when the antenuptial agreement specifically designates how the jointly held property is to be distributed.
 
 See Bowen v. Bowen,
 
 345 S.C. 243, 547 S.E.2d 877, 881 (2001);
 
 cf. Hannon v. Hannon,
 
 740 So.2d 1181, 1187 (Fla. 4th DCA 1999) (“As a general matter, the provisions in chapter 61 on alimony do not exist to displace nuptial agreements; rather the statutes exist to set the principles when there is no agreement.”). “A primary purpose of an [antenuptial] agreement is to modify or shrink the general discretion of [a] judge in doing equity between the parties. The agreement itself is intended to define the mutual equities, and the trial judge is not free to ignore its provisions or to render them ineffective.”
 
 Hannon,
 
 740 So.2d at 1187. Because the antenuptial agreement in this case unambiguously provided for the manner of distribution of jointly held property based upon who-funded the acquisition, the presumption does not apply. Accordingly, the trial court properly declined to apply the gift presumption. We therefore affirm.
 

 Affirmed.
 

 GERBER and LEVINE, JJ., concur.